In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Petitioner, against WILLIAM A. GILLCRIST et al., Constituting the Board of Appeals of the Village of Pleasantville, Westchester County, Respondents, and EVERETT H. HUNTOON, JR., et al., Interveners, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act, to review a determination of the zoning board of appeals of the Village of Pleasantville denying petitioner's application for a variance of the village zoning ordinance so as to permit erection of an electrical substation in a residence use district. The proceeding was transferred to this court. (Civ. Prac. Act, § 1296.) Proceeding dismissed on the merits, with $10 costs and disbursements, and the determination of the board unanimously confirmed. The proposed site of the substation was purchased by the petitioner on June 20, 1930, three years after it had been zoned for residence. The greater part of the proposed site is in the most highly restricted zone. Petitioner was therefore on notice of the impediment which confronted it in obtaining a permit for the erection of a substation. The cost of the proposed substation was estimated to be $1,250,000. It was to be 133 feet wide, 159 feet long, 18 feet high, and was to occupy 20,000 of the 120,000 square feet of petitioner's land. It therefore would be a structure of substantial size and, even though the plans call for screening by way of landscaping, it obviously

could not be considered an asset to, or a desirable building for, a restricted residential zone. There was ample evidence to sustain the determination of the board of appeals that the proposed substation would tend to depreciate the value of properties in the neighborhood and tend to prejudice adjoining and neighboring properties. *Matter of Long Is. Lighting Co.* v. *Griffin* (272 App. Div. 551, affd. 297 N. Y. 897) and *Matter of Long Is. Lighting Co.* v. *City of Long Beach* (280 App. Div. 823, affd. 305 N. Y. 880) cited by the petitioner, are readily distinguishable and do not support its contentions. There is widespread authority for the proposition that a court may not substitute its judgment for that of the zoning board in the absence of arbitrary or unreasonable action. Here there was no such action, as the board obviously considered the matter thoroughly and conscientiously and arrived at a determination which was justified by the testimony, the exhibits and the other factors before it. (*People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73.) Present — Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ. [See *post,* p. 799.]