Samuel W. Eager, J.
The issues of fact and law in this proceeding were duly brought on for determination before the undersigned at Special Term, Part II.
It appears that the petitioner owns a building lot in the City of New Rochelle, situate in the rear of a tier of lots fronting on Wilmot Road, which is a duly established public street. He sought a permit to erect on his lot a dwelling and garage, and the respondent building inspector denied the permit on the ground that there was no compliance with section 36 of the General City Law. It further appears that petitioner owns in common with two others a 30-foot strip of land to be used as a common driveway from Wilmot Road to the petitioner’s lot and to two other lots, also in the rear. This proposed common driveway extends to the lot line of petitioner’s lot, and petitioner proposes to install a 25-foot private driveway leading from the said proposed common driveway right up to the proposed dwelling and garage.
The issue of fact involved is whether or not there exists “actual physical access from Wilmot Road to the proposed structure giving due regard to the public health, safety and general welfare.” (See opinion of Mr- Justice Coyne in this proceeding, 12 Mise 2d 1026.) The issues of law have to do with the construction and effect of the provisions of section 36 of the General City Law providing that “No permit for the erection of any building shall be issued unless a street or highway giving access to such proposed structure has been duly placed on the *1013 official map or plan, which street or highway shall have been suitably improved to the satisfaction of the planning board
The statute speaks of access between a duly mapped or planned street and the “ proposed structure ”. There is no requirement that the lot to support the “proposed structure ” shall have frontage on a public street or highway. All that is required is that there be access from a duly established street or highway; but it is clear that the statute is to be construed as requiring “ physical access to the structure and not merely access to the portion of the lot which fronts on the highway. * * * The statute does not require any particular form of physical access, merely any reasonable means.” (Matter of Annandale, Inc., v. Brienza, 1 A D 2d 785.)
The requirements of the statute would, in my opinion, be met by proper physical access from Wilmot Eoad by way of the proposed common driveway to petitioner’s lot and by private driveway from his lot line to the proposed structure. However, all we have here are plans for a driveway. No driveway has, as yet, been built over the lands owned for that purpose. There is no driveway or physical access in fact. This clearly appears from the airview photo of the premises submitted with petitioner’s memorandum.
To grant the permit without actual proper physical access would authorize the start of construction immediately without reasonable means of coping with fires and other emergencies. (See Matter of Annandale, Inc., v. Brienza, supra.) It was suggested by petitioner’s counsel on the trial that this court would be empowered to direct the issuance of a permit on condition that a proper driveway be installed providing for proper physical access to the proposed structure. Nothing has been submitted to support this position, and, it would seem clear that this proceeding must be determined on the basis of the situation as it presently exists. To impose conditions here might very well lead to question in the future whether or not the conditions are met, and I know of no authority authorizing the court to retain jurisdiction in this proceeding to supervise the carrying out of conditions.
The petitioner does not show a clear legal right to the relief sought and the proceeding is dismissed, without costs. The dismissal is without prejudice. The parties should get together, and agree upon the nature of a driveway installation required for suitable access to the lots in the rear and for the issuance of a permit upon installation of same.