■ In the Matter of MICHAEL J. CHASANOFF et al., Respondents, against ALEX SILBERSTEIN et al., Constituting the Board of Zoning and Appeals of the Village of Hewlett Harbor, Appellants.— In a proceeding pursuant to article 78 of the Civil Practice Act, the appeal is from an order annulling the determination of the board, which denied respondents' application for a variance of the provisions of the building zone ordinance of said village, and

remitting the matter to the board with a direction to grant the variance as applied for by the respondents. Order reversed, with costs, and petition dismissed, with $10 costs and disbursements. Respondent Oxman is the owner of two lots in the village of Hewlett Harbor which front upon parallel streets and are contiguous in the rear, designated on the tax map as lots 10 and 108 in blocks 191–192. Respondent Chasanoff is the contract vendee of a portion of lot 108. In 1931 the village trustees enacted a building zone ordinance requiring a minimum of 11,000 square feet in a residence " C " district and 14,500 square feet in a residence " B " district. Lot 10 was classified in a residence " C " district and lot 108 in a residence " B " district. Each lot conformed to the minimum area requirements then in force. In 1950, the ordinance was amended to prohibit the erection of a building in a residence " B " district on any lot having a street frontage of less than 95 feet. The frontage of lot 108 was 93.89 feet. In 1952, the residence " C " district was eliminated, and lot 10 was classified in residence " B " district. In 1941, a one-family dwelling had been constructed on lot 10 by a developer who sold it, together with lot 108, to a purchaser. After several mesne conveyances the lots were purchased simultaneously by respondent Oxman's husband in 1949, and by him conveyed to respondent Oxman in 1954. The board found, on sufficient evidence, that both lots had been held in common ownership since 1942 and were then merged into a single lot and have been so treated ever since. In 1957, respondent Chasanoff entered into an agreement for the purchase of a portion of lot 108 containing an area of 14,500 square feet. The sale, if consummated, would reduce the area of the property upon which the house on lot 10 is located, to 12,078.88 square feet. Chasanoff applied for a permit to erect a one-family residence on lot 108. The application was denied by the building inspector on the ground that the street frontage was less than the required 95 feet. On appeal, the board of zoning appeals affirmed the determination of the building inspector, principally upon the ground that the area of the portion of land retained by the owner was insufficient to comply with the minimum requirements of the zoning ordinance. The ordinance contains the following provision: " Section 2.1.03 General. * * * " (4) No lot shall be sold, divided, or set off in such a manner that either the portion sold, divided, or set off, or the portion remaining — " (a) shall be less than the minimum size prescribed by the regulations relating to the district in which it is situated ". The learned Justice at Special Term was of the opinion that the aforesaid section does not declare the conveyed portion of a subdivided parcel, meeting minimum requirements of the ordinance, to be in violation solely upon the ground that the retained portion is deficient. We are unable to agree with that conclusion. The ordinance forbids the division of a lot in such a manner that either portion shall be less than the minimum size required. If either portion is so reduced in area, the entire transaction is forbidden (cf. *Matter of Ferryman* v. *Weisser,* 3 A D 2d 674). The board of zoning appeals was justified in denying a variance for the portion contracted to be sold which, if granted, would create a violation under the existing regulations as to the reserved portion of the property, and was not required under such circumstances to excuse the deficiency in street frontage of the property conveyed. Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ., concur.