■ In the Matter of FINA HOMES, INC., Appellant, against JOHN C. YOUNG et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Zoning Appeals

of the Town of Hempstead, which denied an appeal from the refusal of the Chief Building Inspector of the town to issue a building permit, the appeal is from an order denying the application and dismissing the petition. Order affirmed, without costs. No opinion. Nolan, P. J., Murphy and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to reverse the order, to annul the determination and to direct the issuance of the permit, with the following memorandum: Appellant is a contract vendee of real property in the town, which property has a street frontage of 40 feet and a total lot area of 4,000 square feet. The town zoning ordinance as amended in 1957 provides that in the district in which the property is situated each lot on which a building is to be erected shall have a minimum area of 6,000 square feet and a minimum width of 55 feet, but provides also that these regulations shall not apply to a lot of less area and width if the lot has an area of at least 4,000 square feet and was under ownership different from that of any adjoining land on October 25, 1957, the effective date of the amendment. In March, 1952 appellant's vendor purchased the subject parcel, and in June, 1952 purchased an adjoining 4,000-square-foot parcel with the building on it which had been erected in 1947. The vendor sold the parcel with the building on it in December, 1957 and contracted to sell the vacant parcel to appellant in February, 1958. In our opinion, the 1957 amendment of the ordinance is limited by its language to adjoining vacant parcels having a total area of 6,000 or more square feet. Where one 4,000-square-foot parcel has a building on it, the fact that the same owner has title to an adjoining 4,000-square-foot parcel does not deprive the owner of the vacant parcel from building on it within the meaning of the ordinance, where the contiguous parcels have not been occupied and used as a single unit. [14 Misc 2d 576.]