George M. Fanelli, J.
In this article 78 proceeding petitioners seek to annul and declare illegal a building permit issued by respondent Building Inspector of the Totvn of Lewisboro for the construction of a private residence by the corespondent owner.
Petitioners contend, principally, that the proposed house will front on a private unimproved street known as ‘ ‘ Gilbert Street ’ ’ which to a certain extent is owned by the corporate petitioner; that said street is a ‘1 paper street ’ ’ laid out only on an old map filed in 1926 but not physically in existence; and that the permit was issued in violation of the provisions of section 280-a of the Town Law in that prior thereto the street was not suitably improved to the satisfaction of the Town Board or Planning Board, nor was the alternative bond furnished to insure the installation of such road after the erection of the house.
Respondents, on the other hand, take the position that despite the requirements of said section of the Town Law, the Town Board has never empowered the Planning Board to pass upon the suitability of an improved street, nor has it itself ever set up any standards and specifications in this regard. They urge that in the absence of any request on the part of petitioners or others in the community that the Town Board fix reasonable standards, that the Building Inspector was justified in issuing the instant permit.
The court is unimpressed by the latter contention. The provisions of section 280-a of the Town Law are clear and concise, and serve a most useful purpose. The statute reflects a legislative judgment that the building up of unimproved and undeveloped areas ought to be accompanied by provisions for roads and streets and other essential facilities to meet the basic needs *29 of the new residents of the area (Matter of Brous v. Smith, 304 N. Y. 164). The provisions appear to be mandatory in nature and require the owner preliminarily to.afford access, by suitable improved roads, to the dwelling he proposes to erect.
In the opposing affidavit of one of the attorneys it is contended that the powers of the Town Board under subdivision 2 of section 280-a of the Town Law are discretionary and that the board has the right to require no improvements or very full improvements with respect to streets, as the case may be, provided its action is reasonable. He places the burden upon petitioners, if they feel aggrieved, to compel the board by way of a mandamus proceeding to adopt standards rather than proceed by the instant proceeding to avoid a permit on the ground that it fails to meet standards which have not been created. Here, too, the court finds that such contentions are without merit particularly in the absence of any town ordinance or resolution indicating its unequivocal policy regarding such words as “ such street or highway shall have been suitably improved to the satisfaction of the town board ”. A careful reading of section 280-a of the Town Law as a whole, with such mandatory phrases as “No permit for the erection of any building shall be issued unless ’ ’ and “ Before such permit shall be issued ” (emphasis supplied), and in the light of the unanimous decision of the Court of Appeals in Matter of Brous v. Smith (supra), leads the court to the conclusion that such arguments are untenable.
While the answers interposed generally deny the material allegations of the petition, the opposing affidavits disclose no triable issue. In an article 78 proceeding, a final order may be granted summarily on the return day if the record discloses that no triable issue exists as to any material fact upon which the right to relief depends (Matter of Glenel Realty Corp. v. Worthington, 4 A D 2d 702). Here, concededly, no prior application was made to the Town Board or any other board requesting that it express its satisfaction or dissatisfaction as to the proposed suitability of whatever abutting street the owner intended to improve. Under such circumstances, the court has no alternative but to grant the relief sought, without costs, to the extent of directing the respondent Building Inspector to revoke the building permit issued by him on April 27, 1959. Of course, if, after such revocation, the respondent owner feels aggrieved, he may then apply to the Zoning Board of Appeals for relief as outlined in subdivision 3 of section 280-a of the Town Law. Settle order on notice.