■ In the Matter of ROY S. JOHNSON, Respondent, v. HAROLD A. MOORE et al., Constituting the Zoning Board of Appeals of the Village of Ardsley, Appellants.— In a proceeding under article 78 of the Civil Practice Act, the Zoning Board of Appeals of the Village of Ardsley appeals from an order of the Supreme Court, Westchester County, entered March 7, 1960, after a trial before an Official Referee, which vacated its determination denying the petitioner's application for a variance of the local zoning regulation, and which directed it to grant such variance. Order reversed on the law and the facts, with costs, and determination of the Board of Appeals, dated May 21, 1957, confirmed. Findings of fact inconsistent herewith or with the findings by the Board of Appeals are reversed. Petitioner, an architect, was an officer of a corporate developer which proposed to develop property shown on a map which has been included in the record on this appeal. The map approved by the Planning Board of the village in December, 1954, shows as part of the proposed development a parcel of land approximately 50 feet by 100 feet designated as parcel 8A. Adjacent thereto is a parcel of land designated as parcel 8, comprising about two and one-half acres. Parcel 8A is separated from the balance of the property by a dotted line. Lots 8 and 8A were conveyed to the petitioner by the corporate developer, and petitioner thereafter sold the area designated 8, retaining for himself only the area marked 8A. At the time of such sale, and thereafter, when petitioner applied for a building permit for lot 8A, the zoning ordinance required that a lot on which a residence was to be erected should have a minimum area of 7,500 square feet. Accordingly, the building permit was denied. Petitioner made application to the Board of Appeals for a variance, which was denied. Petitioner claimed that the Planning Board had approved lot 8A as a building lot when it approved the subdivision map. The Board of Appeals, on the basis of testimony before it, found: (1) that the Planning Board did not regard parcel 8A as a separate building lot; (2) that at the time when petitioner owned both parcels 8 and 8A and when he sold parcel 8, he could have retained sufficient property from parcel 8 to have left him the owner of an area much in excess of 7,500 square feet, and could have conveyed a similar area to the purchaser of parcel 8; (3) that at the time when the Planning Board approved the development map, it was not authorized to make any changes or amendments to the zoning regulations; (4) that petitioner knew, or should have known, of such lack of authority; (5) that when he conveyed parcel 8, he left parcel 8A as a substandard lot; and (6) that any hardship which resulted was self-created. The learned Referee, on the other hand, held: (a) that the Planning Board had created the substandard area of parcel 8A by its action in requiring the developer to offer to the village 50 feet of the parcel, which was originally 50 feet by 150 feet; (b) that since the Planning Board had approved the map showing the substandard area of this parcel, knowing that such a substandard lot might be used for building purposes with the permission of the Board of Appeals, petitioner had a right to rely on such action; (c) that the hardship was not created by petitioner, but by the Planning Board in requiring him to dedicate

a portion of his property for the benefit of the village; and (d) that the action of the Board of Appeals had resulted in a complete sterilization of the lot, and was arbitrary and unreasonable. Petitioner seeks to sustain the determination appealed from on the ground of equity and justice, and on the further ground that the Planning Board, by its approval of the filed map, modified, changed and supplemented the zoning regulations, making parcel 8A a legal building lot. In our opinion, neither contention is tenable. The Board of Appeals made its determination on evidence presented before it which furnished substantial support for its findings of fact, and the learned Referee was not authorized to substitute his judgment for that of the board (*People ex rel. Hudson-Harlem Val. Tit. & Mtge. Co.* v. *Walker,* 282 N. Y. 400). The only issue to be decided was whether the determination by the Board of Appeals was arbitrary or capricious, or contrary to law. We have found no basis in the record for any such conclusion. On the contrary, the record discloses that there was a rational basis for the Board of Appeals' determination that the hardship complained of by petitioner was self-created (cf. *Matter of Ferryman* v. *Weisser,* 3 A D 2d 674); and no reason has been shown why the Board of Appeals should be required to grant a variance to relieve petitioner from such self-created hardship. Section 179-p of the Village Law, only a portion of which is quoted in respondent's brief, does *not* provide as he asserts, that a building plan indicating lots where houses are proposed to be built (submitted with a plat showing such lots), if approved by the Planning Board, shall modify or supplement the zoning regulations of the land shown on the plat. Such approval results in a modification of the zoning regulations, only if the Board of Trustees has empowered the Planning Board to modify them by general or special rule, and only to the extent and within the limitations prescribed by such rule. As has been stated, the Board of Appeals found as a fact that at the time of the Planning Board's approval of the map submitted by the corporate developer, the Planning Board was not authorized by general or special rule to effect any modification of the regulations. Nolan, P. J., Ughetta, Christ and Pette, JJ., concur; Kleinfeld, J., dissents and votes to affirm the order, on the opinion of the learned Official Referee. [28 Misc 2d 7.]