Frank S. McCullough, J.
The petitioner herein brings this article 78 (Civ. Prac. Act) proceeding against the Building Inspector and Board of Appeals of the Town of Bedford for an order reviewing, reversing and annuling the determination of the Board of Appeals denying the petitioner’s appeal from the decision of the Building Inspector and application for a *899 variance, and directing the issuance of a building permit for the construction of an electric utility substation and transmission line.
The petitioner is a gas and electric corporation as defined in the Transportation Corporations Law and an electric corporation and public utility as defined in the Public Service Law. It distributes electricity in various municipalities in the Counties of Westchester and Putnam and others. It renders electric service in a portion of the Town of Bedford, pursuant to a franchise or municipal consent of the Town Board, with power supplied from two substations of the petitioner, one of which is located in Bedford Hills of said town and the other located in the Town of Pound Ridge. The petitioner states that because of the increase in consumers and the increased use of electricity, it is necessary to erect a new substation about midway between the Bedford Hills substation and the Pound Ridge substation.
It purchased 2.3 acres of real property in the Town of Bedford about 557 feet from State Highway Route 22 and was granted a 50-foot right of way for ingress and egress on a portion of the proposed street running from Route 22 to purchased tract of land. The land to be used for the proposed new substation is in a residence four-acre or ‘ ‘ 4A ’ ’ district. The Zoning Ordinance of the Town of Bedford prohibits the use of any land in a residence district for any trade, industry, manufacturing or commercial purposes, except as specified. It permits railroad or public service passenger stations, telephone exchanges or water reservoirs, but it does not provide for the construction of ap electric substation structure in a residence district.
The Building Inspector denied the petitioner’s application for a permit for the construction of the substation on the ground that he had no authority under the Zoning Ordinance to grant the application, that the parcel of land for the proposed substation was insufficient under the ordinance, and no street or highway giving access to the proposed substation structure has been placed on the Official Map of the town as required by section 280-a of the Town Law.
The petitioner filed with the Board of Appeals an application to review the decision of the Building Inspector and for a variance of the provisions of section 280-a of the Town Law. After a hearing the board’s findings were (1) that in the absence of a showing of practical difficulty or unnecessary hardship, it denied the petitioner’s application to permit the use of the land for a substation, (2) that power plants (which it considered a substation to be) are permitted in light industry “ LI ” districts, and (3) that the making of exceptions under section 280-a was *900 denied in view of its previous findings. Therefore, the appeal from the decision of the Building Inspector was denied.
The petitioner now in effect seeks a review of the determination of the Zoning Board of Appeals and an order in the nature of a mandamus to direct the issuance of a permit without regard to the provisions of the zoning ordinance on the theory that those provisions are invalid and ineffective insofar as they prohibit or prevent the construction of the proposed substation and transmission line.
Under the Transportation Corporations Law and the Public Service Law, the petitioner has a statutory duty to furnish gas and electric service within its franchise area safely, adequately and economically. The petitioner contends that the decision of the Building Inspector would prevent it from erecting and operating the proposed substation and would have the effect of precluding it from performing its legal duty to furnish adequate and satisfactory electric service. The Building Inspector is correct in his interpretation that under the Zoning Ordinance he had no authority to issue a building permit for the proposed substation.
The Board of Appeals denied the petitioner’s appeal on the ground that there was no showing of practical difficulty or unnecessary hardship. The board has correctly held that the situation was not one of practical difficulty or unnecessary hardship justifying a variance. (Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, 208 Misc. 295, 299.) Under the zoning ordinance the board may grant a variance only if it is shown that the particular parcel of land cannot be reasonably utilized for one of the permitted purposes. (Matter of Niagara Mohawk Power Corp. v. City of Fulton, 8 A D 2d 523, 526.) At the hearing before the board, the petitioner itself noted that the board could not find that the application of the zoning ordinance to the proposed site resulted in any practical difficulty or unnecessary hardship. “ The practical difficulty and unnecessary hardship referred to in the ordinance relate to the inability of the owner to use the land for a permitted purpose, not to the plight of a prospective purchaser who seeks to use it for a nonconforming use or who is unable to find any site within the area in which he desires to build, on which the proposed use would be permitted. Since there was no proof in this case that the proposed site could not be used for residential purposes, there was no power in the board to grant a variance ” (Matter of Niagara Mohawk Power Corp. v. City of Fulton, supra, p. 526; Matter of Long Is. Light. Co. v. Incorporated Vil. of East Rockaway, 279 App. Div. 926, affd. 304 N. Y. 932, motion *901 for reargument denied 305 N. Y. 738; cf. Matter of Consolidated Edison Co. v. Gillcrist, 283 App. Div. 718; Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, supra).
Petitioner contends that the Zoning Ordinance of the Town of Bedford is void insofar as it prohibits or prevents the use of the proposed site for a substation and transmission line. Provisions of Zoning Ordinances are invalid insofar as they absolutely prohibit the construction and maintenance of publicly needed utility structures. (Long Is. Light. Co. v. Village of Old Brookville, 72 N. Y. S. 2d 718, affd. 273 App. Div. 856, affd. 298 N. Y. 569; Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, supra; Long Is. Light. Co. v. Incorporated Vil. of Floral Park, 158 N. Y. S. 2d 878.) “ Of course, reasonable local regulation of public utilities is permissible to alleviate as much as possible private damage and annoyance caused by utility installations.” (Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, 208 Misc. 295, 302.) For instance, the precise location within a community may be regulated by requiring approval in a particular district as a special exception use. (Long Is. Light. Co. v. Griffin, 272 App. Div. 551, affd. 297 N. Y. 897.)
If the petitioner herein shows that there is a public necessity for the substation at the proposed site, then the Zoning Ordinance of the Town of Bedford is invalid insofar as the ordinance prevents it from constructing and maintaining a structure which is reasonably necessary to enable it to perform its public obligation to render safe and adequate electric service. (Matter of Niagara Mohawk Power Corp. v. City of Fulton, supra; Matter of Consolidated Edison Co. v. Village of Briarcliff Manor, supra.) As the court in Matter of Niagara Mohawk Power Corp. v. City of Fulton (8 A D 2d 523, 527, supra) said: “ The power of the municipality to enact a zoning ordinance must yield to the superior force of the State statutes which impose upon the public utility company the duty of rendering safe and adequate service. ‘ The general grant of power to a municipality to adopt zoning laws in the interest of public welfare does not have the effect of permitting the local legislative body to override such State law and policy ’ ”.
But in order to be entitled to the requested relief, the petitioner must make a proper factual demonstration of public necessity. (Matter of Niagara Mohawk Power Corp. v. City of Fulton, supra.) Although the petition and the supporting affidavit of Mr. Kintigh do show that it is desirable and necessary to establish a new substation about midway between the two existing substations and that it could not be located in the light *902 industry “ LI ” district, it is not undisputed. The respondents deny that the prohibition of the substation at the proposed site would have the effect of precluding petitioner from performing its legal duty to furnish adequate and satisfactory electric service. They should have the “ opportunity to cross-examine the witnesses for the petitioner and to offer countervailing proof ”. (Matter of Niagara Mohawk Power Corp. v. City of Fulton, supra, p. 527.)
The situation involved in Matter of Niagara Mohawk Power Corp. v. City of Fulton (supra) is similar to this case. In holding that the evidence in that case was insufficient to warrant granting relief, the court said (p. 528): “While the proof before the board was sufficient to establish that it was necessary for the petitioner to build a substation in the residential area, the proof was not sufficient to demonstrate that it was necessary for the petitioner to build its substation upon the particular site which it had selected. No proof was offered by the petitioner of the unavailability of other sites which might cause less disruption of the community zoning plan or might cause less detriment to neighboring property but which at the same time could serve the public need with reasonable adequacy. A zoning ordinance which has the effect of barring a public utility company from building upon á particular site cannot be declared invalid unless it is demonstrated that it was reasonably necessary for the company to build upon that site in order to enable it to render safe and adequate service. In determining the reasonable necessity of the use of a particular site, consideration must be given to the availability of other sites and to the degree of detriment to the neighborhood which might be caused by the various sites as weighed against their comparative advantages from the standpoint of efficiency and safety of operation. Tested by that standard, the proof in this case was not sufficient. There was proof that the site selected was the ‘ ideal ’ one from the standpoint of operating efficiency but there was no proof that any consideration had been given to the other factors.” See, also, New York State Natural Gas Corp. v. Town of Elma (182 F. Supp, 1, 6 [U. S. Dist. Ct., W. D. N. Y.]), where the court similarly said: “ Such factors as the availability of alternative sites, the degree of harm on the local area which would result from the construction, and the comparative advantages of various sites in terms of efficiency and safety of operations bear on the question of reasonable necessity.”
It is true that in this instance the petitioner did give consideration to other factors and other sites. In fact, it had agreed to install its substation at another location which presumably *903 was less objectionable to neighboring residents, and applied for a building permit, but it was denied and subsequently this latter application was withdrawn. The proposed site may be the ideal location from the petitioner’s point of view, but that is not sufficient. Whether the location for the substation should be at the proposed site or at the alternative site which had also been selected as acceptable by the petitioner or at some other site in order to permit petitioner to continue to render safe and adequate electric service can be determined only after a hearing. There is an issue of fact as to the particular site for the substation.
Procedures should be provided in a zoning ordinance for a Zoning Board of Appeals or some other local administrative agency to determine the location of a public utility structure since it is better situated to evaluate the effect in the neighborhood and its compliance with the intent and spirit of the zoning plan. In commenting upon the necessity for such procedures in a zoning ordinance, the Appellate Division in Matter of Niagara Mohawk Power Corp. v. City of Fulton (8 A D 2d 523, 529, supra), stated as follows: “The situation created by the failure of the local legislative body to provide for necessary public utility structures is, at best, an unsatisfactory one. The questions involved in the selection of a site ought to be determined by a legislative or administrative body rather than by the courts. A comprehensive zoning ordinance should contain a provision giving the Board of Zoning Appeals the power to grant an exception for the building of necessary public utility structures in restricted districts (cf. Consolidated Edison Co. v. Town of Rye, 16 Misc 2d 284). The question of the propriety of the selection of a particular site would then be passed upon by the local administrative body which is charged with responsibility for the carrying out of a comprehensive community plan. In many States, the matter is entrusted to the Public Service Commission, which is authorized to exempt public utility companies from local zoning ordinances and to grant permission to build necessary public utility structures. Under statutes of this type, it is generally held that in passing upon the reasonable necessity of the use of a particular site, the Public Service Commission must take into account ‘ the availability of other locations * * * less likely to cause injury to the neighborhood, and their comparative advantages and disadvantages with the plot for which approval is sought ’ * * *. Where no legislative provisions of this character exist, the task must be undertaken by the courts and the courts must do the best they can in determining whether the nse of the particular proposed *904 site is reasonably necessary, in the light of all the factors bearing upon that question. ’ ’
There is an issue of fact here requiring a trial. Therefore, the issue whether the particular site for the proposed substation and transmission line is reasonably necessary in order to enable the petitioner to continue to render safe and adequate electric service is referred to a Referee to hear and report or to hear and determine if the parties so stipulate.
One of the additional grounds given by the Building Inspector for the denial of a building permit was that no street or highway giving access to the proposed substation structure had been placed on the Official Map of the Town of Bedford as required by section 280-a of the Town Law. The Board of Appeals did not consider the question of variance under that section and stated that it did not make any exceptions to this section because it had denied the petitioner’s appeal for other reasons.
Under subdivision 1 of section 280-a of the Town Law there must be a street or highway of the character specified in that section giving access to the proposed structure, and subdivision 2 thereof provides that no permit shall be issued unless such street or highway shall be suitably improved to the satisfaction of the town board or planning board. (Matter of Bayer v. Pugsley, 13 Misc 2d 610, affd. 7 A D 2d 828.) This section does not require any particular form of physical access between the street and the proposed structure, but merely any reasonable means. (Matter of Annandale, Inc. v. Brienza, 1 A D 2d 785.) It is clear that this section requires that the physical access be to the structure and not merely to the portion of the lot which fronts on the street. (Matter of Turner v. Calgi, 13 Misc 2d 1012, 1013 [Eager, J.].)
The petition alleges that in connection with the purchase of the tract of land for the substation, it was also granted a right of way of 50 feet in width for ingress and egress in the proposed street running from Route 22 to the said parcel of land for street purposes. Thus, it appears that petitioner has an easement from Route 22 to its proposed site for the substation.
Subdivision 5 of section 280-a of the Town Law defines “ access ” to mean that the plot on which the structure is proposed to be erected directly abuts on a street or highway, of the character specified in subdivision 1, and has sufficient frontage thereon to allow ingress and egress of fire trucks, ambulances, police cars and other emergency vehicles. It is clear from this latter subdivision that the plot on which the proposed structure is to be erected must abut on a duly established street which is suitably improved. A right of way or an easement to *905 the street does not comply with section 280-a unless the particular plot is in “an open development area ” established by resolution of the Town Board. (Town Law, section 280-a, subd. 4; 11 Op. St. Comp., 1955, p. 181; see Del Ferraro v. Howell, 130 N. Y. S. 2d 75.) In Matter of Turner v. Calgi, 13 Misc 2d 1012, 1013, supra wherein Judge Eager, stated that “ There is no requirement that the lot to support the ‘ proposed structure ’ shall have frontage on a public street or highway ” involved the construction and effect of section 36 of the General City Law which does not contain provisions similar to subdivisions 4 and 5 of section 280-a of the Town Law.
Where the enforcement of the provisions of section 280-a results in a practical difficulty or unnecessary hardship, the owner of the plot may appeal to the Board of Appeals, which board is empowered to grant reasonable exceptions. (Matter of Bayer v. Pugsley, 13 Misc 2d 610, affd. 7 A D 2d 828; Town Law, § 280-a, subd. 3.) Since the Board of Appeals did not consider the question of exceptions under this section because of its denial of petitioner’s appeal for other reasons, it should be permitted to consider this question after the proposed site for the substation is established. If the presently proposed site for the substation is found to be reasonably necessary to enable the petitioner to fulfill its obligation to provide safe and adequate electric service, then this matter is remitted to the Board of Appeals for its consideration of reasonable exceptions in accordance with section 280-a of the Town Law. Of course, if another site is established, then the question of exceptions would depend upon the location thereof.