■ In the Matter of ROSE MASTROMONACO, Respondent, v. HERMAN H. BARTELS et al., Constituting the Zoning Board of Appeals of the Town of Mount Pleasant, Appellants.— In a proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, denying an area variance to petitioner, the Zoning Board appeals from an order of the Supreme Court, Westchester County, dated October 31, 1960 which: (a) granted the application; (b) annulled the board's determination and (c) directed the board to grant the variance. Order affirmed, without costs. Petitioner is the owner of a two-acre parcel of land in the Town of Mount Pleasant. Access from such parcel to an improved public road is provided by means of a strip of land some 17 feet wide and 396 feet long. The parcel is located in an R-20 residential zone which requires a minimum of 20,000 square feet for the erection of a one-family dwelling. The Town Building Zoning Ordinance requires a minimum frontage of 25 feet on a public street; a width at the front yard setback line of 85 feet (the setback line is established at 50 feet) and the property must have a mean width of 100 feet. Concededly, petitioner's property does not comply with these provisions. Petitioner proposed to divide this parcel into two one-acre plots, and simultaneously to divide the 17-foot wide strip so that each plot would have access to the public road by virtue of 8½ feet frontage in fee and by virtue of a perpetual reciprocal easement of ingress and egress on the remaining 8½ feet of frontage. A requested variance for one of such proposed subdivided plots was denied by the Zoning Board on the ground that the property lacked sufficient access under section 280-a of the Town Law. Special Term reversed the board's determination and directed the issuance of a variance. We are in accord with the Special Term. In our opinion, the proposed one-acre plot has sufficient access to an improved public road within the meaning of section 280-a of the Town Law (cf. *Matter of Turner* v. *Calgi,* 13 Misc 2d 1012; *Matter of McGlasson Bldrs.* v. *Tompkins,* 203 N. Y. S. 2d 633). We also believe the record fully supports a showing of practical difficulties necessary to grant the area variance requested (*Matter of Village of Bronxville* v. *Francis,* 1 A D 2d 236, affd. 1 N Y 2d 839). The Zoning Board urges that there is no showing that the actual access to the proposed dwelling is reasonable and, consequently, that the direction to issue a variance was an abuse of discretion. In our opinion, this question is not before us since we are concerned with the issuance of a variance on the basis of a proposed subdivision and not with an application for a building permit when complete plans and specifications detailing the location of the proposed structure will be available (*Matter of*

*Annandale, Inc.,* v. *Brienza,* 1 A D 2d 785, motion for leave to appeal denied 2 N Y 2d 707; *Matter of Turner* v. *Calgi, supra*). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.