Jack Stanislaw, J.
This article 78 proceeding is brought to set aside the determination of the Zoning Board of Appeals of the Town of Southampton and to direct the issuance of four building permits to petitioner on his “plot of land”. Petitioner, however, has failed to demonstrate that each of the four proposed structures will be provided with physical access to a street or highway to allow ingress and egress, from each of such four structures, for fire trucks, ambulances, police cars .and other emergency vehicles, as required by section 280-a of the Town Law; nor has he received or applied for a variance from the requirements of that section. We are not here con *508 cerned with whether the four proposed structures are to be erected on a single plot or on four separate plots, but rather with the enforcement of a statute enacted not only for the purpose of protecting the health, safety and general welfare of the community, but for the protection of the residents of the proposed buildings (Lunmor Homes v. Johnson, 122 N. Y. S. 2d 149, 152; Matter of Truesdale Lake Prop. Owners’ Assn. v. Collin, 22 Misc 2d 27). Although no particular form of physical access between such a roadway and a proposed structure is required, the physical access must be to each proposed structure and not merely to a portion of the plot on which the structures are to be built (Matter of New York State Elec. & Gas Corp. v. McCabe, 32 Misc 2d 898; Matter of Turner v. Calgi, 13 Misc 2d 1012). The concept of “ right-of-way ” for the purpose of such physical access, need not be exclusive. But in order to meet the basic needs of the inhabitants and satisfy the minimal requirements of section 280-a, some reasonable form of unobstructed easement of access, approximately 15 feet wide, must extend from each proposed structure to a street (Matter of McGlasson Bldrs. v. Tompkins, 203 N. Y. S. 2d 633; Matter of Truesdale Lake Prop. Owners’ Assn. v. Collin, supra). Since petitioner has not shown compliance with such minimal requirements, the petition must be dismissed.