■ RAYMOND CONLEY et al., Appellants, v TOWN OF BROOKHAVEN ZONING BOARD OF APPEALS et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review and annul a determination of respondent zoning board of appeals, made after a hearing, granting the individual respondents' applications for zoning variances, petitioners appeal from a judgment of the Supreme Court, Suffolk County, entered October 10, 1974, which dismissed their petition. Judgment affirmed, with costs. No opinion. Martuscello, Christ and Shapiro, JJ., concur; Hopkins, Acting P. J., and Munder, J., dissent and vote to reverse the judgment and grant the petition, with the following memorandum: In our opinion, the granting of the area variances by respondent zoning board of appeals should be annulled because of a failure to prove the required practical difficulty. Without such proof, the board's determination is not supported by substantial evidence. The record shows that the parcel in question was substandard when purchased by respondents De Poy. It failed to meet the frontage requirements of 150 feet, having only 133.43 feet. They claim that without the variance the property is worth less than what they paid for it. This is probably true, but the fact is they purchased the property with full knowledge of the substandard condition. Any difficulty thus existing is therefore not *practical*, but a *self-imposed individual* difficulty which is not recognized as a ground for a variance (see *Matter of Fina Homes v Young*, 14 Misc 2d 576, affd 7 AD2d 864, affd 7 NY2d 845; *Matter of Chasanoff v Silberstein*, 6 AD2d 872, affd 6 NY2d 807; *Matter of Johnson v Moore*, 13 AD2d 984). True, the cases cited involve (as do most variance cases which reach this court) a *denial* by a zoning board of an application for a variance, while here the respondent board granted the application. But, as stated by Mr. Justice Hopkins in his dissent in *Matter of Willits v Schoepflin* (23 AD2d 868, 869, 870): "If the rule [regarding practical difficulty] is to be enforced and to have any efficacy at all, it must be binding irrespective of whether the applicant was successful before the Board of Zoning Appeals. Otherwise, the action of the Board of Zoning Appeals becomes an exercise of arbitrary power, since in one case the rule may be invoked and in another the rule may be ignored. So long as the rule exists, it must be enforced evenly, or else to my mind the fundamental rights of equal protection of the laws has been infringed" (citations omitted). In short, it is our view that the purchaser of a substandard lot may not obtain an area variance to create two substandard lots on the ground of practical difficulty (see, generally, 2 Anderson, New York Zoning Law and Practice [2d ed], § 18.43). It is our view also that the pot-handle shaped lot resulting from the granting of the variance is completely out of harmony with the surrounding neighborhood and, contrary to the conclusion reached by the board, would adversely affect real estate values. The survey map of the immediate area shows lots on Shore Road all having frontage in excess of 100 feet, while the De Poy lot would have a frontage of 35 feet. Actually, that figure is misleading because it simply is the width of the alleyway or access road running over 100 feet from Shore Road to the rear of the property and the site of a proposed dwelling. Such an odd-shaped

parcel is obviously not in conformity with the neighborhood development (see *Matter of 113 Hillside Ave. Corp. v Zaino*, 27 NY2d 258).