Jasen, J.
The question presented for our review is whether the zoning board of appeals abused its discretion, as a matter of law, in granting the respondents De Poys’ application for an area variance.
Dean and Judith De Poy are the fee owners of a parcel of land situated in a rural residential area of the Village of East Setauket, Town of Brookhaven, Suffolk County. The parcel consists of 62,660 square feet of land and fronts on Shore Road, 140 feet south of Hawkins Avenue, which runs at right angles to Shore Road. A house, constructed at least 150 years ago and recognized as an historic structure by the local historical society, stands in the front portion of the parcel. Behind the house is a large wooded area of trees and underbrush. With the exception of a sale of a small portion of land to an adjoining owner, the property has remained unchanged since 1869.
The parcel is in an "A” residential zone, requiring a minimum lot area of 30,000 square feet, a frontage of 150 feet and a side yard of 60 total feet. The De Poys purchased the property in September, 1973 for $85,000. Although they were aware of the zoning requirements, $20,000 of the sales price represented the value which would inure to the owner should the property be divided into two separate lots. In January, 1974, the De Poys applied for a zoning variance which would permit them to create a second lot of 30,000 square feet in the rear portion of their parcel and to build a residence thereon. The variance application was prompted by the need to construct an access road to the landlocked rear portion of the property. The road would run along the north side of the De Poy property and, thus, would run behind the residences which front on Hawkins Avenue. The access road, an alleyway in essence, would be 35 feet wide[1] and 239.62 feet in length, leaving the front portion of the property with a frontage of 98.43 feet and a side yard setback of 30 feet. Although both proposed lots would satisfy the minimum area requirements, *313 the rear lot’s frontage would be below the zoning requirement consisting only of the 35-foot-wide road and the front lot would be deficient both by its frontage and by one side yard.[2] Several of the neighboring landowners, particularly those who own Hawkins Avenue property behind which the road would run, and the Civic Association of the Setaukets, Inc., objected to the variance application. Interestingly, most of the homes in the vicinity are in themselves nonconforming, and the largest of the four lots on Hawkins Avenue abutting the proposed De Poy access road consists of but 12,000 square feet.
The objectors contended that the building of the road and second residence would burden the local environment, greatly increase the density of the nearby public roads, would impair their own scenic views and create an additional traffic hazard. In addition, it was alleged there would be drainage problems and that the road would be inaccessible to fire and emergency apparatus. Objection was also made regarding the clearing of trees and underbrush that would be necessitated by the construction of residence and road. After a public hearing, the zoning board of appeals granted the requested variances, concluding that the erection of a new house on the second lot would not diminish the property values of the neighboring residences, that the De Poys were not obligated to maintain the wooded area, that the building of a dwelling on a lot meeting the minimum zoning area requirements would not substantially increase the density of the area and that requiring the owner to pay taxes on an area twice the size of the minimum zoning would work a financial hardship.
The neighboring property owners commenced this proceeding to have the board’s determination annulled. Special Term denied the petition upon the ground that there was sufficient showing of practical difficulties, citing Matter of Mastromonaco v Bartels (16 AD2d 676). The Appellate Division, with two Justices dissenting, affirmed the order of Special Term, without opinion. (49 AD2d 567.)
On this appeal, we are concerned with the granting of an area variance and the supporting proof need not be as compelling as is required to sustain a request for a use variance. The difference in the level of proof is explained by the fact that, generally, an area variance will release a landowner from the *314 duty to follow the strict letter of the zoning ordinance so that the land may be put to a permitted use. On the other hand, a use variance, if granted, will result in the use of land in a manner inconsistent with the basic character of the neighborhood. (Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, 17 NY2d 249, 254; 2 Rathkopf, Law of Zoning and Planning, , p 45-1.) The oft-stated standard by which a request for an area variance is to be measured is whether strict compliance with the zoning ordinance will result in practical difficulties. (E.g., Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, supra; Matter of Village of Bronxville v Francis, 1 AD2d 236, 238, affd 1 NY2d 839; 2 Anderson, New York Zoning Law and Practice [2d ed], §§ 18.32, 18.33, 18.40.) The local zoning boards have discretion in considering applications for variances and the judicial function is a limited one. The courts may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion. (Matter of Fulling v. Palumbo, 21 NY2d 30, 32; Matter of Lemir Realty Corp. v Larkin, 11 NY2d 20, 24.) Phrased another way, the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record. (Matter of Wilcox v Zoning Bd. of Appeals of City of Yonkers, 17 NY2d 249, 255, supra.) Thus, in this case, our concern is whether there is substantial evidence to süpport the conclusion that the De Poys faced practical difficulties in conforming to the letter of the zoning ordinance. We find that the determination of the zoning board of appeals is supported by the record and, therefore, would affirm the order of the Appellate Division.
The board could properly find, as it did, that the construction of a single additional residence on a lot meeting the minimum area requirements would not substantially increase the population density. We note that the majority of surrounding homes are situated on plots composed of less than one half of the amount of land on which the De Poys seek to build. Although the sought-after variance encompasses more than a slight or negligible deviation from the ordinance, given the fact that the rear parcel would comply with the area requirements and would be appreciably larger in size than the plots of the neighbors, the board could well find that construction of an additional home on the newly created plot would not *315 adversely affect the character of the neighborhood. (See Matter of 113 Hillside Ave. Corp. v Zaino, 27 NY2d 258, 262-263.)
The principal objection of the neighboring landowners is directed at the clearing of the large, and apparently visually pleasant, wooded area for the building of the new residence and its access road and to the construction of a road that would run behind the homes of several of the objectors. While the neighbors might, quite understandably, feel aggrieved by the pending loss of the aesthetic effect generated by the De Poy premises, in the absence of statute or ordinance to the contrary, the De Poys could cut the trees and clear the area, for any reason at all, and were not under an obligation to maintain their home grounds for the benefit of their surrounding neighbors. The proposed road itself, while not as scenic as the natural wooded land, amply meets the requirements of the Town Law. (Town Law, § 280-a, subd 5; see Matter of Mastromonaco v Bartels, 16 AD2d 676, supra.)
The third reason offered by the board for granting the variance—the financial hardship upon the owner caused by the duty to pay taxes on a parcel twice the size of the minimum area requirements—is more troublesome. The De Poys purchased the land with actual knowledge of the zoning restrictions. Under these circumstances, any financial hardship was willingly assumed and was, in effect, self-imposed and self-inflicted. However, the fact that the hardship was self-imposed does not preclude the zoning board from granting an area variance. (Matter of Young v Beales, 42 AD2d 833, 834, affd 35 NY2d 662; Banos v Colborn, 35 AD2d 281, 285, affd 30 NY2d 502.) Financial hardship resulting from tax assessments or from a diminution in value in the event a variance is denied does not strip the zoning board of its discretionary powers with respect to variance applications. On the other hand, the financial loss will not mandate the granting of the variance. (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, 456; Matter of 113 Hillside Ave. Corp. v Zaino, 27 NY2d 258, 263, supra; Contino v Incorporated Vil. of Hemp-stead, 27 NY2d 701, revg on dissenting opn at App Div 33 AD2d 1043, 1044; but cf. Matter of Fulling v Palumbo, 21 NY2d 30, supra.) Financial hardship then is one factor that may be considered, but, by itself, is not determinative. Thus, here, the board could credit the De Poys’ obligation to pay taxes on land twice the size of the minimum area standard in the district. As an adjunct, the board could also consider the *316 potential waste of land resulting from a denial of the variance. The fundamental purpose of all zoning ordinances is to provide for the development of a balanced community which will make efficient use of the land available in the community. (Berenson v Town of New Castle, 38 NY2d 102, 109.) Where the technical strictures of the zoning ordinance would prevent the development of a plot of land with sufficient size to conform to district area requirements, the board may properly consider whether the community interest in the efficient and economic use of land outweighs the interests in letting the land sit forever idle. In a time when material and physical resources are dwindling by the day, a community, through its representatives, may elect not to permit a buildable plot to sit in disuse.
In this case, the board of zoning appeals could properly find, as it did, that the De Poys were confronted with practical difficulty and that the granting of a variance to them was warranted. After a review of the record, we find that there are facts from which the board could conclude that a variance should be granted. The rear lot would satisfy the relevant area requirements, the intended use was consonant with the character of the vicinity, and the owner faced practical difficulty and financial hardship. Although a contrary conclusion might also be drawn, especially as to financial hardship, the function of the courts in this area is limited. We may not substitute our judgment for that of the local zoning board, where there is substantial evidence in the record to support the board’s determination. Under such circumstances, it cannot be said, as a matter of law, that there has been an abuse of discretion. Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs.

. The initial proposal was for a 25-foot road, but a subsequent amendment called for the wider road.

. It appears that the front lot was substandard to begin with since its frontage, without the new road, was but 133.43 feet.