■ In the Matter of EUGENE FEDELE et al., Appellants, v STEVEN BARUCH et al., Constituting the Zoning Board of Appeals of the Town/Village of Harrison, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent zoning board of appeals which, after a hearing, granted an area variance to the respondent property owner, the petitioners appeal from a judgment of the Supreme Court, Westchester County, dated December 20, 1977, which, *inter alia,* dismissed the petition. Judgment affirmed, with one bill of costs payable jointly to respondents. We hold under the circumstances present here, that petitioners were not prejudiced by the lack of a transcript or by the zoning board's refusal to reopen the hearing. The determination must be confirmed because the record supports the view that the respondent property owner would be confronted with practical difficulties unless granted a variance (cf. *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.

■ In the Matter of SCOTIA FEY, Petitioner, v JAMES P. MELTON, as Commissioner of Motor Vehicles, of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Motor Vehicles, dated November 3, 1977, which, after a hearing, suspended petitioner's motor vehicle operator's license for a period of 90 days. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.

■ In the Matter of OAKLEY HOLMES et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the East Ramapo Central School District to restore petitioners to their positions as regularly appointed teachers, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Rockland County, dated September 15, 1977, which, *inter alia,* directed that those petitioners who were probationary teachers on June 30, 1976 be granted credit for services rendered in the 1976-1977 school year and that those petitioners who were tenured teachers on the aforesaid date be granted seniority credit for services rendered in the 1976-1977 school year. Judgment modified, on the law, by deleting therefrom the provisions permitting this proceeding to be maintained as a "class action" and substituting therefor a provision denying "class action" status. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. There was no warrant for permitting a "class action", since the appellants-respondents constitute a governmental agency and the outcome of this litigation will serve as a *stare decisis* determination of claims of litigants situated similarly to the individual petitioners herein. Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.