■ In the Matter of JOHN A. KAPICA, as President of the Town of Greenburgh Police Benevolent Association, Inc., Appellant, v CHIEF OF POLICE OF THE TOWN OF GREENBURGH et al., Respondents.—Appeal from an order of the Supreme Court, Westchester County, dated March 30, 1979, dismissed, without costs or disbursements. That order was superseded by a further order of the same court, dated April 26, 1979, which, upon reargument, adhered to the original determination. Order dated April 26, 1979 affirmed, without costs or disbursements. No opinion. Rabin, J. P., Margett, Martuscello and Weinstein, JJ., concur.

■ In the Matter of INGRID MAHLER, Appellant, v BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated June 9, 1978, which, after a hearing, denied petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County, entered December 12, 1978, which dismissed the petition. Judgment affirmed, with $50 costs and disbursements. It is well settled that the standard by which a request for an area variance is to be measured is whether strict compliance with the terms of the zoning ordinance will result in practical difficulties (see, e.g., *Matter of Cowan v Kern,* 41 NY2d 591, 598). The focus of our inquiry is whether the board's determination that petitioner failed to demonstrate sufficient practical difficulty is supported by substantial evidence (see *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). We agree with the conclusion reached by Special Term that respondent's determination was supported by substantial evidence and was not arbitrary, unreasonable or irrational. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.