Scott F. Chatfield, Esq. Village Attorney, Tully
You have indicated that a developer plans to convey land to a purchaser that does not front on a public highway but will also convey contiguous land to be owned by the purchaser in common with others that includes a right of access to a public highway. You have asked whether these conditions afford sufficient access to meet the requirements of section280-a of the Town Law.
Under section 280-a, no permit for the erection of a building may be issued unless a street or highway providing access to the proposed structure has been planned or is in existence (id., § 280-a[1]). Prior to the issuance of a permit, the street or highway must be improved in accordance with the standards and specifications established by the town board (id., § 280-a[2]). Alternatively, the developer may be permitted to post a performance bond to cover the costs of the improvement(ibid.). An applicant for a permit may appeal a decision of an administrative officer by alleging practical difficulty or unnecessary hardship or that the circumstances do not require the structure to be related to an existing or proposed highway (id., § 280-a[3]). The appeal is made to the zoning board of appeals (ibid.).*
Thus, under section 280-a of the Town Law, a building permit may not be issued unless the proposed struture has "access" to a street. The word "access" means that "the plot on which such structure is proposed * * * directly abuts on such street or highway and has sufficient frontage thereon to allow the ingress or egress of fire trucks, ambulances, police cars, and other emergency vehicles" (id., § 280-a[5]). A frontage of 15 feet is presumed sufficient for this purpose (ibid.).
Section 280-a has been construed as requiring physical access from the street to the structure and not merely access to the portion of the lot which fronts on the highway (Matter of Annandale v Brienza, 1 A.D.2d 785
[2d Dept, 1956]). Under the facts you have related, access to the street from the structure would be in part over land owned by the purchaser and in part over contiguous land owned in common by several purchasers. Provided that the structure is afforded access to the street, it would appear the provisions of section 280-a have been met. It is not significant under this section that access in part is over land owned in common by several property owners (see Matter of Robinson v Jagger,57 Misc.2d 507 [Sup Ct, Suffolk Co, 1968]; and McGlasson Builders Inc. vTompkins, 203 N.Y.S.2d 633, 635 [Sup Ct, Westchester Co, 1960]).
We conclude that access to a street over land owned by a purchaser and over contiguous land owned by the purchaser in common with others meets the requirements of section 280-a of the Town Law dealing with the issuance of building permits.
* While not applicable to the facts here, we note that a town board may pass a resolution establishing an open development area within the town wherein permits may be issued for the erection of structures to which access is given by right-of-way or easement, upon conditions and limitations as may be prescribed by the town board or planning board (id., § 280-a[4]).