Mahlon R. Perkins, Esq. Town Attorney, Dryden
You have asked whether a town may enact a local law providing that frontage on seasonal limited use highways established under Highway Law, § 205-a does not constitute frontage on a highway for purposes of a town zoning ordinance.
Section 205-a of the Highway Law gives town highway superintendents authority to discontinue snow and ice removal and winter maintenance on unpopulated town highways "without occupied residences or commercial buildings dependent upon such highways for access" (Highway Law, §205-a[2]). Section 205-a was enacted in response to an Attorney General's opinion (1975 Op Atty Gen [Inf] 139) which concluded that towns lacked the discretionary authority to discontinue snow removal from roads without occupied residences or commercial buildings (Highway Law, §140; Legislative Bill Jacket, L 1975, ch 489).
Your letter notes that the Town of Dryden has several miles of highway which have been designated by the town highway superintendent as a seasonal limited use highway pursuant to Highway Law, § 205-a. The town is concerned that a residence may be built several miles from the nearest point where the town undertakes snow removal. Once a residence or commercial building is constructed on the highway, for use during the winter, the road no longer meets the definition of a seasonal limited use highway under State law and the town must regularly plow and maintain it. Your letter also expresses concern as to the situation where a landowner requests that a highway be opened up and improved so that he can build some distance away from the improved or well-traveled portion of the highway. You state that the costs of further maintaining the highway to such residences would greatly exceed the benefit to the town, that the expense is burdensome and that the snow removal tends to benefit one or two individual owners and not the general town population.
Initially, we turn to your concerns as to the opening and widening of town roads. These matters are essentially unrelated to the classification of a town road as a seasonal limited use highway. Widening of existing town highways is governed by, inter alia, sections 180, 199, 203 and 204 of the Highway Law. Roads which are not part of the town highway system can become part of the system only by dedication (Highway Law, §171) or by use (id., § 189). We are unaware of any means by which a landowner can compel the town to make a road not otherwise complying with these requirements a part of the town highway system.
The town's zoning ordinance currently requires that a structure have a certain amount of frontage along a public highway. The purpose of frontage requirements is not to limit development but to provide access to property for public safety purposes (i.e. — firefighting equipment, emergency vehicles) (Town Law, § 280-a; Matter of Brous vSmith, 304 N.Y. 164, 170 [1952]).* The frontage requirement you have proposed is a condition on development. You have asked whether the town may enact a local law providing that frontage along seasonal limited use highways would not constitute frontage for purposes of the town zoning ordinance, unless the owner were willing to bring the road up to current town specifications.
As noted, section 205-a provides towns with the option to discontinue snow removal services from town roads that do not have any occupied residences or commercial buildings. There are no other qualifications necessary for designation as a seasonal limited use highway. Furthermore, there is nothing in the statute or its legislative history to indicate that it was intended to be used directly or indirectly as a limitation on development (see, Legislative Bill Jacket, L 1975, ch 489). Thus, designation as a seasonal limited use highway justifies only discontinuance of snow removal. It does not serve as a basis for the establishment of conditions on the right to build.
Designation of a town highway as a seasonal limited use highway is unrelated to considerations of development and frontage. To draw a distinction between seasonal and other highways for frontage and development purposes is contrary to the intent of the Highway Law and, therefore, unauthorized.
We conclude that a town may not enact a local law providing that frontage on seasonal limited use highways established under Highway Law. § 205-a does not constitute frontage on a highway for purposes of a town zoning ordinance.
* These public safety considerations were discussed by the Court of Appeals in Brous:
 "`In a time of emergency, such as sickness, accident, fire or other catastrophe,' the court below pointed out, `a road over which automobiles and fire apparatus can travel safely must always be available, otherwise great suffering, property damage and even loss of life may result.' Nor is it only in time of peril that such roads are essential; in this era of automobile, modern living as we know it is impossible without improved highways linking people with their jobs, their sources of food and other necessities, their children's schools and their amusements and entertainments. Unimproved or defective roads can cause a complete breakdown of services in a community. The state has a legitimate and real interest in requiring that the means of access to the new construction be properly improved and sufficient for the purpose" (304 N Y at 170; see also, Robinson v Jagger, 57 Misc.2d 507 [Sup Ct, Suffolk Co, 1968]).