In the Matter of ASSEMBLY OF GOD CHURCH OF BAY SHORE, NEW YORK, INC., Also Known as BAY SHORE ASSEMBLY OF GOD, Respondent, v ISLIP TOWN BOARD, Appellant. [644 NYS2d 750]

The petitioner owns and operates a religious institution and school in the Town of Islip. In November 1983, the Town Board denied a special permit application filed by the petitioner to construct a parking lot. A proceeding pursuant to CPLR article 78 was commenced to review that determination but in July 1984 the petitioner and the Town reached an agreement which

allowed construction of the parking lot in return for the execution and recording by the petitioner of a document which placed certain covenants and restrictions on the property. In August 1989 the Town Board approved another application by the petitioner for a special permit in return for the execution and recording of numerous additional covenants and restrictions on the property. The petitioner executed a Declaration of Covenants and Restrictions in October 1989, which stated that the petitioner was placing the covenants and restrictions on the property "with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the Town of Islip".

In 1990, the petitioner decided to expand its existing facilities, and, in 1993, after extensive discussions with Town officials, the petitioner filed another application with the appellant requesting a relaxation of parking restrictions and other modifications in the covenants affecting the premises. The Town of Islip Planning Board reviewed the petitioner's application and recommended that it be denied.

After a public hearing, the Town Board denied the petitioner's application in a determination dated September 22, 1994, concluding that the proposed expansion would result in insufficient parking, the expansion was inconsistent with the 1989 special permit granted to the petitioner "which sought to limit the expansion of the existing facility from further encroachment into the residential areas to the east", the application would result in "significant adverse traffic impacts", and "the proposed buffer relaxations were inconsistent with the spirit and intent of the zoning ordinance".

The petitioner thereupon commenced this proceeding to review the appellant's denial of the application. The Supreme Court annulled the determination and granted the petition to the extent of remitting the matter to the Town Board for a new determination. We disagree and conclude that the appellant's determination had a rational basis and was supported by substantial evidence (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314).

" '[I]n Matter of Westchester Reform Temple v Brown (22 NY2d 488, 496) * * * the court recognized that "considerations which may wholly justify the exclusion of commercial structures from residential areas * * * [may] * * * be considered for the purpose of minimizing, insofar as practicable, the impairment of surrounding areas or the danger of traffic hazards" ' " (Cornell Univ. v Bagnardi, 68 NY2d 583, 595-596,

quoting *Jewish Reconstructionist Synagogue v Incorporated Vil. of Roslyn Harbor,* 38 NY2d 283, 291-292 [Breitel, Ch. J., concurring]).

Here, the petitioner agreed to restrictions and covenants in 1989, the object of which was, among other things, to limit further expansion. Although the petitioner is seeking to expand to satisfy the needs of its growing congregation, the neighborhood surrounding the petitioner's property is residential, and further expansion would change the character of the neighborhood. The record establishes that the proposed expansion poses potential problems regarding parking, traffic congestion, decrease in the valuation of neighboring homes, safety of schoolchildren, and air pollution. Further, contrary to the Supreme Court's conclusion, the record reflects an effort on the part of the Town to accommodate the petitioner, *inter alia,* by suggesting revisions to its proposals. Balletta, J. P., Rosenblatt, Thompson and Copertino, JJ., concur.