■ MARGARET CONTINO et al., Respondents, v. INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, et al., Defendant.— In an action to declare unconstitutional certain set-back restrictions in the Building Zone Ordinance of the defendant village insofar as they are applicable to plaintiffs' real property, the appeal is from a judgment of the Supreme Court, Nassau County, entered February 7, 1969 after a nonjury trial, which made such declaration in plaintiffs' favor. Also brought up for review is a previous order of said court dated September 19, 1968, which, *inter alia*, denied summary judgment to appellant. Judgment and order affirmed, with one bill of costs. No opinion. Brennan, Acting P. J., Benjamin and Kleinfeld, JJ., concur; Rabin and Hopkins, JJ., concur in affirmance of the order, but otherwise dissent and vote to reverse the judgment and to grant declaratory judgment in favor of appellant, with the following memorandum: In our opinion, the majority's disposition allows plaintiffs deliberately to sell off part of their property, to leave themselves with a substandard parcel, and then effectively to complain that the zoning requirements for set-back on the remaining property are confiscatory. To sustain that conclusion seems to us unwarrantedly to depart from the established

rule that, even in area variance cases, it is not an unreasonable exercise of discretion to deny permission to build on substandard plots where, as in the instant case, the substandard condition results from acts of an owner of a conforming plot in so subdividing his holding as to create one or more parts of insufficient area (*Matter of Chasanoff* v. *Silberstein,* 6 A D 2d 872, affd. 6 N Y 2d 807; *Matter of Fina Homes* v. *Young,* 7 A D 2d 864, affd. 7 N Y 2d 845; *Matter of Baumhofer* v. *Ullrich,* 20 A D 2d 751; *Matter of Ferryman* v. *Weisser,* 3 A D 2d 674). There is no infringement of constitutional right in the requirement that land may not be so divided as to create substandard plots (*Matter of Faranda* v. *Schoepflin,* 21 A D 2d 801). A landowner's attack upon the restrictions contained in zoning legislation, upon the ground that they are confiscatory as to his property, is not to be entertained upon his mere claim of financial hardship, unless it is shown that the zoning ordinance restrictions he challenges serve no legitimate public interest (*Matter of Fulling* v. *Palumbo,* 21 N Y 2d 30, 35). In our opinion, nothing said in *Palumbo* indicates that all financial hardship cases require a variance automatically to be granted, particularly where, as at bar, the hardship was self-created. Moreover, in *Palumbo* the court indicated that, on the facts, and contrary to the situation prevailing at bar, a substantial part of the neighborhood in which a variance was there sought already contained other substandard plots, and that it therefore might appear on a hearing that no public interest would be served by allowing the zoning board rigidly to require adherence to the zoning regulations challenged. No such probability is suggested at bar.