Chief Judge Fuld.
The petitioner-respondent, 113 Hillside Avenue Corporation, owns a vacant lot (Lot 14) in a Residence “A” zone of the Village of Westbury. Residential zoning requirements call for a minimum area of 7,500 square feet, a minimum front yard depth of 30 feet, and a minimum street frontage of 75 feet. The subject parcel is bordered on three sides by municipally-owned property and on the fourth side by two other plots (Lots 15 and 16). It bears some resemblance to a “ pot handle,” with an area of about 13,600 square feet, well above the required minimum, but with a street frontage of only 25 feet. This frontage fails to satisfy the street and the front yard depth requirements.
The subject parcel was originally part of a single larger residential plot which the corporate petitioner’s vendor — a brother of a half owner of the corporation—had acquired in June, 1965. He subdivided the original parcel into three smaller lots and conveyed the subject parcel (Lot 14), along with an adjoining lot (Lot 15), to the petitioner in August, 1965'; Lot 16 was sold to a third party. Both Lots 15 and 16 satisfied all the requirements prescribed by the zoning ordinance.
The petitioner obtained building permits for each of its two lots and proceeded to construct a residence on Lot 15. When the building was completed on that plot it was sold, and some time later the Village, through its Board of Trustees, revoked the petitioner’s building permit for Lot 14. In an action brought by the petitioner for a declaratory judgment that the revocation was improper, the Appellate Division—modifying the trial court’s judgment dismissing the complaint—held that the appli *261 cation for the permit did not conform to the requirements of the Village ordinance and that, therefore, the defendants ‘ ‘ were entitled to a declaration that [such] permit was invalid.” (113 Hillside Ave. Corp. v. Village of Westbury, 27 A D 2d 858.)
The corporation then adopted a different course; it applied to the Village’s Board of Appeals for substantial street frontage and yard variances in order to allow it to build on Lot 14. Although the board denied the application, the court at Special Term (William R. Brennan, Jr., J.) annulled that determination and directed that the variances be granted. The Appellate Division, however, reversed the resulting judgment and remanded the matter to the board for a new hearing, ‘‘at which the proof may be considered in the light of the principles of law enunciated in Matter of Fulling v. Palumbo (21 N Y 2d 30) ” — which, it noted, had been decided after Special Term had handed down its decision. (Matter of 113 Hillside Ave. Corp. v. Zaino, 30 A D 2d 559.)
Following this new hearing, the variance application was again denied by the Board of Appeals on the grounds that to grant it (1) “would change the essential character of the area”, (2) would impair the “public health, safety and welfare” and (3) would allow the petitioner to benefit from its own deliberate act of effecting the “ split-off.” On this occasion, too, the court at Special Term (Widlitz, J.) annulled the determination and directed the board to grant the requested variances. A divided Appellate Division affirmed that disposition; the justices who dissented voiced the opinion that the evidence disclosed “ a radically different factual setting ” from that in the Fulling case (21 N Y 2d 30, supra) and fully supported the board’s action.
It is settled that the courts will not interfere with the determination made by a zoning board—or other comparable administrative body—which denies a requested area variance where, as here, the substandard condition results from the owner’s own decision to subdivide his property in such a way as to create one or more nonconforming plots[1], and we interpolate to *262 state that nothing decided or said in Matter of Fulling v. Palumbo (21 N Y 2d 30, supra) changed or modified this settled principle. In point of fact, we recognized and reiterated the rule as recently as last July in Contino v. Incorporated Vil. of Hempstead (27 N Y 2d 701, revg. on dissenting opn. at App. Div., 33 A D 2d 1043); in reversing the Appellate Division, we adopted its dissenting opinion which, in part, recited that (33 A D 2d, at p. 1044),
“ even in area variance cases, it is not an unreasonable exercise of discretion to deny permission to build on substandard plots where, as in the instant case, the substandard condition results from acts of an owner of a conforming plot in so subdividing his holding as to create one or more parts of insufficient area’’.
And in Matter of Weinstein v. Planning Bd. of Vil. of Great Neck (21 N Y 2d 1001, affg. 28 A D 2d 862), which closely resembles the present case, we sustained the denial of a proposed subdivision map submitted by the owner on the ground that he had subdivided a larger parcel in such a way as to create four smaller plots, one of which failed to conform to zoning specifications. Here, too, the original parcel could have been subdivided in accordance with the Village’s zoning requirements simply by creating two plots. Moreover, if the petitioner had limited its construction to the conforming lot (Lot 15) and utilized the subject lot—-having a street frontage of only 25 feet — as an accessory yard area, there would have been compliance with the zoning ordinance. Under the circumstances, the board was privileged to deny the application for the variance.
Nor is there support for the petitioner’s claim that granting the variances would not adversely affect the neighborhood. As we have had frequent occasion to remark, most recently in the Fulling case, a municipality has “ a legitimate interest in maintaining and preserving the character of a particular area ” (21 N Y 2d, at p. 34), and in Contino v. Incorporated Vil. of Hempstead (27 N Y 2d 701, supra), we upheld the refusal to grant an area variance where it appeared that the neighborhood contained but two or three other substandard plots. It is enough to observe that, in the present case, there are no lots in Westbury’s “ A ” zone which either resemble Lot 14 or are, even more to the *263 point, substandard. It is the petitioner alone who fails to meet the zoning requirements established by the ordinance. This is quite different from the situation in Fulling (21 N Y 2d 30, 34, supra) where the court stated that, in view of the fact that the Village had allowed ‘ ‘ every lot immediately surrounding the lot in question [to be] substandard,” no ‘'reasonable argument * * * [could] be made that the character of the immediate area would be in any way affected by the granting of the variance.”
Since, then, the character of the area in the vicinity of its property would be adversely affected by the grant of the requested variances, the petitioner, in order to succeed, was under the necessity— to quote from Matter of Fulling v. Palumbo (21 N Y 2d, at p. 35)—of “ demonstrat [ing] that the hardship caused is such as to deprive [it] of any use of the property to which it is reasonably adapted, and that, as a result, the ordinance amounts to a taking of [its] property.” The petitioner failed to meet this burden, for it is not satisfied solely by proof of financial hardship. Such hardship, it is true, was deemed controlling in Fulling (21 N Y 2d 30, supra) but we made it clear in Contino (27 N Y 2d 701, supra), by adopting the dissenting opinion at the Appellate Division, that ‘ ‘ nothing said in [Matter of Fulling v.] Palumbo indicates that all financial hardship cases require a variance automatically to be granted, particularly where * * * the hardship was self-created ” (33 A D 2d, at p. 1044).
In sum, there was ample basis for the board’s determination that the variances be denied and, accordingly, the order appealed from should be reversed and the petition dismissed.
Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, etc.

. See, e.g., Contino v. Incorporated Vil. of Hempstead, 27 N Y 2d 701, revg. on dissenting opn. at App. Div., 33 A D 2d 1043; Matter of Weinstein v. Planning Bd. of Vil. of Great Neck, 21 N Y 2d 1001, affg. 28 A D 2d 862; Matter of Fina Homes v. Young, 7 N Y 2d 845; Matter of Chasanoff v. Silberstein, 6 N Y 2d 807; Matter of Baumhofer v. Ullrich, 20 A D 2d 751; Matter of Ferryman v. Weisser, 3 A D 2d 674.