■ SALAMAR BUILDERS CORP., Respondent, v. EDWARD S. TUTTLE et al., Individually and Constituting the Town Board of the Town of Southeast, et al., Appellants.—

No opinion.

Benjamin, J. (dissenting). Plaintiff owns a parcel of 64 or more acres in the northeast part of the Town of Southeast. That part of the town is rough and hilly and the soil contains much rock and hardpan. The likelihood that central sewer and water systems will be installed there is very remote, so that any present residential development would have to be with wells and septic tanks. As the area drains into the New York City water supply, great care is needed to avoid water pollution. Largely because of the topography, the soil conditions and the reliance upon wells and septic tanks for water and sewerage, a specially-retained town planner recommended in 1960 that the area be zoned for residences on two-acre plots in order to provide ample space for drainage and thus protect against water pollution. The Town Board overruled that recommendation and zoned the area one-acre residential (about 40,000 square feet). In 1967 the same town planner again recommended two-acre zoning for that area; and this time the Town Board rezoned the area for 1½ acres (about 60,000 square feet).

Plaintiff then brought this declaratory judgment action to void the upzoning to 1½ acres, as applied to its property, on the ground that this upzoning precludes any reasonable use of the property and thus was confiscatory. Essentially, plaintiff's claim was that 1½-acre zoning made the land cost, per house, so high that each house would cost more to build than it could be sold for; and that the upzoning from one acre to 1½ acres bore no relation to the public welfare. In support of its claim of confiscation, plaintiff adduced expert testimony that under one-acre zoning its land cost would be about $8,700 per lot, while under 1½-acre zoning it would be about $12,354 per lot — a difference of about $3,650; that a house built on a $12,354 lot would have to cost at least $48,000; that the average price of subdivision homes in the area was about $30,000; and that the highest possible selling price of such homes would be about $40,000. The town produced no contrary proof; instead, it relied on a defense that public health and welfare justified the upzoning to 1½ acres because one-acre lots were too small to provide adequate drainage for septic tanks in that hilly, rocky area.

On that record, the trial court held that the upzoning had made plaintiff's property unmarketable and had inflicted "significant economic injury" by increasing its per lot cost by $3,650; that the Town had not shown any countervailing consideration of public welfare; and that the 1½-acre zoning consequently was unconstitutional as applied to plaintiff's property.

I think that determination was erroneous. It seems clear to me that the likelihood of water pollution from inadequate spacing of septic tanks in that rocky, hilly area was a more than adequate reason for the upzoning and provided a rational basis for it. Certainly is this true today, when pollution and the need to curb it is recognized as one of our major problems. Certainly the town's showing of the likelihood of water pollution on smaller plots was a showing that public health and welfare required the larger plots.

In addition, despite the absence of proof by the town on this point, I see no real showing here that the upzoning was tantamount to confiscation. Essentially, petitioner's theory was that it could build and sell houses at a profit on one-acre plots (the former zoning), but could not build and sell them at a profit on 1½-acre zoning (the present zoning). But all that it actually showed was (a) that the upzoning raised the cost of each building plot by $3,650 (i.e., from $8,704 under one-acre zoning to $12,354 under 1½-acre zoning), (b) that subdivision houses in that area had been sold for an average of $30,000, with none of them going for more than $40,000, and (c) that its experts believed that a house built on a 1½-acre plot would have to cost the

builder $48,000. There was no proof that any of the subdivision houses used as comparables were on 1½-acre plots; nor was there any testing of the market for houses on plots of that size. There was no explanation of why or how petitioner could build and sell houses at a profit on one-acre lots, when, according to its experts, it would suffer at least an $8,000 loss on each house that it built on a 1½-acre plot costing only $3,650 more than a one-acre plot. In short, the only fair interpretation of the testimony of plaintiff's experts is simply that plaintiff would lose $3,650 more per house under the present 1½-acre zoning than it would lose under the former one-acre zoning, which plaintiff apparently is content to live with. Not only is this proof incredible; it is also far short of such proof of *de facto* confiscation as is needed to find a zoning ordinance unconstitutional as applied. If believed, it may show some loss of profits and some financial hardship, but it does not show that " the hardship caused is such as to deprive  *  *  * [it] of any use of the property to which it is reasonably adapted " (*Matter of Fulling* v. *Palumbo*, 21 N Y 2d 30, 35), and that is the showing that is required before the ordinance can be voided (cf. *Matter of Fulling* v. *Palumbo, supra*; *Contino* v. *Incorporated Vil. of Hempstead*, 27 N Y 2d 701, revg., on dissenting opinion in this court, 33 A D 2d 1043; *Matter of 113 Hillside Ave. Corp.* v. *Zaino*, 27 N Y 2d 258).

For all these reasons, I think the judgment and the order should be reversed and a judgment granted for defendants declaring the zoning ordinance constitutional as applied to plaintiff's property. At the very least, defendants would be entitled to reversal and a new trial, with an opportunity for them to produce additional proof of the pollution hazard and initial defense proof controverting plaintiff's proof of the cost and marketability of homes on 1½-acre plots, if this record were deemed inadequate in those respects.

Hopkins, Acting P. J., Martuscello, Latham and Brennan, JJ., concur in decision. Benjamin, J., dissents and votes to reverse the judgment and the order, to grant judgment for defendants, declaring the zoning ordinance constitutional as applied to plaintiff's property, and to grant defendants' motion to discharge the taxation, with an opinion.

Judgment and order affirmed, without costs.