■ In the Matter of GEORGE E. LEVEILLE et al., Appellants, v. THEODORE SANDER et al., Constituting the Board of Appeals of the Village of Scarsdale, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' determination, dated October 25, 1965, denying appellants' application for a zoning variance, the appeal is from a judgment of the Supreme Court, Westchester County, dated May 17, 1966, which dismissed the petition and confirmed the determination. Judgment reversed, on the law, without costs; determination annulled; and respondent Board of Appeals directed to grant the variance. Petitioners are the owners of a plot 100 feet deep and 100 feet wide, upon the northerly half of which is situated a one-family residence. It is their intention to divide the plot into two equal parcels and to sell the unimproved parcel for building purposes. Each of the parcels would then meet minimum size and minimum frontage requirements of the applicable ordinance. However, the residence on the parcel to be retained would then be 2.76 feet, at its closest point, from the boundary line between the parcels. The applicable ordinance requires a side yard setback of at least 10 feet. Because of this violation, petitioners applied for the variance in question. As part of their application, petitioners offered to encumber the unimproved parcel by a recorded instrument which would provide that any dwelling erected thereon shall at all times be at least 20 feet from the existing residence. Petitioners also presented uncontroverted proof that denial of the variance would result in significant economic injury. In our opinion, the respondent board erred in not granting the variance. There is no evidence to show that a grant of the variance would result in direct or probable harm to the community. The loss to petitioners by rigid adherence to the ordinance is not overcome by any gain to the community, which at most would be inconsequential (*Matter of Young v. Board of Zoning Appeals of Inc. Vil. of Great Neck Estates*, 35 A D 2d 430). Since we find that the board abused its discretion, the fact that the hardship incurred by petitioners is self-imposed is not determinative (cf. *Matter of Overhill Bldg. Co. v. Delany*, 28 N Y 2d 449; *Matter of Young v. Board of Zoning Appeals of Inc. Vil. of Great Neck Estates, supra*), especially in light of petitioners' offer to encumber the property so as to alleviate any untoward result emanating from a grant of the variance. Latham, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.