■ MALCOLM COOPER et al., Doing Business as C. B. S. CONSTRUCTION CO., Respondents, v. ISAAC DUBOW et al., Constituting the Common Council of the City of Long Beach, et al., Appellants. ALBERT DI BERNARDO, Respondent, v. ISAAC DUBOW et al., Constituting the Common Council of the City of Long Beach, et al., Appellants. — In two jointly tried actions to declare an amendment to a local zoning ordinance illegal and to compel the renewal or issuance of building permits, defendants appeal from separate judgments of the Supreme Court, Nassau County, entered October 4, 1972, against them respectively. Judgments modified, on the law and the facts and in the exercise of discretion, (a) by striking therefrom the first and fifth decretal paragraphs, (b) by

striking from the third decretal paragraphs the words "one year" and substituting therefor the words "195 days" in the Cooper judgment and the words "138 days" in the Di Bernardo judgment, and cases remitted to the trial court for retaxation of costs in accordance with the views expressed herein. The defendant building commissioner issued separate building permits to the plaintiffs for construction of two six-story apartment buildings on their properties. He temporarily revoked and recalled these permits on April 1, 1971, when they had respectively more than four and six months of life remaining. The only reason given for this action was that a restrictive change in zoning classification was under study for future enactment. On November 23, 1971 the defendant Common Council of the City of Long Beach amended the zoning ordinance and changed the classification of the properties of plaintiffs and others to a Residence "HH" district, in which apartment buildings higher than two stories were prohibited. During the period of time that their building permits remained viable prior to revocation, plaintiffs demolished existing structures on their properties, prepared and filed architects' plans and drawings, made test borings, obtained H. U. D. approval of the sites for their proposed apartments, and negotiated with contractors to build the apartments. They did not, however, break ground or actually commence construction. In our opinion this was not the commencement of work of such substantial character as to give them vested rights in their building permits (cf. *Matter of Smith* v. *Spiegel & Sons*, 31 A D 2d 819, affd. 24 N Y 2d 920). However, we find that the revocation of plaintiffs' building permits was arbitrary, capricious and without authority in law. We further find that this wrongful revocation deprived plaintiffs for a considerable period of time (195 days in one case and 138 days in the other) of the opportunity to commence work of such substantial character as to give them vested rights in their building permits. In our opinion, plaintiffs must be restored to their *status quo ante*. This requires that the purported revocation of the building permits on April 1, 1971 be set aside as null and void and that the permits be reinstated *nunc pro tunc* for the respective periods of time remaining as of April 1, 1971. In view of this holding we do not reach the question of the constitutionality of the November 23, 1971 amendment to the zoning ordinance and, therefore, the first decretal paragraph of each judgment, which declares the amendment unconstitutional as to plaintiffs' properties, should be stricken. For the reason stated, the effective period of the reissued building permits should be the unexpired amount of time remaining under each permit immediately prior to its revocation on April 1, 1971. The third decretal paragraph of each judgment, which provides for an effective period of one year, should therefore be modified accordingly. In the fifth decretal paragraph of each of the judgments the trial court found that a total of $2,000 was the reasonable and necessary expense, to plaintiff or plaintiffs, of producing at the trial the expert testimony of a city planner and his report, as well as two appraisers' reports, and that this amount was therefore a taxable disbursement under CPLR 8301 (subd. [a], par. 12). Although we express no opinion as to reasonableness or necessity of amount, we find that the expense involved is not a disbursement taxable according to the course and practice of the court. Such a disbursement is not taxable by express provision of law and to make it so by order of the court was in our opinion an improvident exercise of discretion in the circumstances disclosed by the record presented. Hopkins, Acting P. J., Munder, Latham, Gulotta and Benjamin, JJ., concur.