■ In the Matter of ROBERT KRUEGER et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF NISKAYUNA, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered October 23, 1974

in Schenectady County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a decision of the respondents and ordered that a variance be granted to petitioners. Robert and Arlene Krueger (hereinafter "petitioners") are the owners of a vacant lot, Number 29 on Garden Drive in a subdivision in a residential district where, by zoning ordinance of the Town of Niskayuna, a minimum lot size of 100 feet in width and 150 feet in depth is required. Lot 29 is 150 feet deep but only 87 feet wide, is undeveloped, and, as a consequence of its reduced width, also fails to satisfy minimum area requirements. The ordinance also requires minimum side yards of 20 feet. Upon denial by respondents, the Zoning Board of Appeals of the Town of Niskayuna, of a variance for construction of a home which, as proposed, was found by Special Term to be "comparable in appearance and quality" with other homes in the area, these proceedings were instituted. Prior to respondents' decision, petitioners had owned an adjoining lot to the east, Number 28, on which their home was constructed and which they had sold. During the period of joint ownership, petitioners naturally enjoyed the use of both lots. Respondents contend that petitioners' hardship, if any, is self-imposed by virtue of their having sold off Lot 28, as a result of which the denial of a variance was proper under such cases as *Contino v Incorporated Vil. of Hempstead* (27 NY2d 701, revg 33 AD2d 1043) and *Matter of 113 Hillside Ave. Corp. v Zaino* (27 NY2d 258).[1] It is not seriously open to dispute here that petitioners will be subject to a hardship if the variance is denied because, simply put, they will be effectively deprived of the use of their land. In such circumstances, denial of a variance can be justified only by a showing by the zoning board that strict enforcement of the ordinance would serve a legitimate purpose *(Matter of Fulling v Palumbo,* 21 NY2d 30), and preservation of an area's character is itself a valid purpose in certain circumstances (see *Contino v Incorporated Vil. of Hempstead, supra; Matter of 113 Hillside Ave. Corp. v Zaino, supra).* Here, however, as found by Special Term, the average width of lots on Garden Drive is 95 feet, and the average width of lots on the street immediately west of Garden Drive is 80 feet. Thus, Special Term was correct in concluding that no purpose of benefit to the community could be served by enforcing the ordinance against petitioners when many, if not most, of the other residential parcels in the immediate vicinity are substandard. The factual setting brings this case within the ambit of *Fulling* and distinguishes it from *Contino* and *Matter of 113 Hillside Ave. Corp.* Nor will it do to argue that petitioners created their own hardship by selling off Lot 28. The mere fact that for a period of time Lots 28 and 29 were used together does not deprive them of their individual character as set forth on the subdivision map. In fact, considering the originally separate nature of these lots, it appears rather absurd to penalize petitioners for using Lot 29 together with Lot 28 when, in the absence of a variance, Lot 29 could not have been separately developed in any event. By way of contrast, the substandard lots for which variances were sought in *Contino* and *Matter of 113 Hillside Ave. Corp.* were originally part of single conforming parcels, wherefore the conclusion that a self-imposed hardship did not warrant relief was more appropriate. Moreover, as previously adverted to, the lots in *Contino* and

---

1. It also appears that at some earlier time, petitioners had sold off a nine-foot portion to another adjoining owner to the west, but it is not disputed that Lot 29 never satisfied the minimum requirements. Neither party appears to regard this point as significant, and neither do we since without this additional nine feet the adjoining lot in the west itself would have been substandard.

*Matter of 113 Hillside Ave. Corp.* were not surrounded by other substandard parcels. Finally we note, without suggesting where a proper line is to be drawn, that even where substandard lots are created by subdividing a conforming parcel, thereby creating an alleged self-imposed hardship, denial of a variance is not always proper (see *Matter of Leveille v Sander,* 38 AD2d 555, affd 30 NY2d 918). Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

