H. LEON MCBRIDE, JR., et al., Appellants, v TOWN OF FORESTBURGH et al., Respondents.

Third Department, November 24, 1976

*John S. McBride* for appellants.

*Jacob Aks* for respondents.

SWEENEY, J. Plaintiffs are the owners of some 248 acres of land in the defendant Town of Forestburgh, Sullivan County. On October 12 and 17, 1972 they presented to the Town Board and Town Planning Board, respectively, a preliminary plot plan for the development of a mobile home park. The plan called for a minimum home site of 5,000 square feet with approximately 700 units. At the time the plan was submitted the Planning Board was in its infancy, having unofficially commenced operation in 1970, and no rules or regulations existed governing submission of subdivision plans to it. Neither were there any zoning ordinances in the town concerning subdivisions or mobile home parks. In September, 1972, the Planning Board had recommended a minimum one-acre subdivision restriction but after a public hearing in November, the ordinance was not enacted. In late November, however, a house trailer ordinance which required a one-acre home site was enacted. Thereafter a planning consultant was engaged by the town to work with the Planning Board to develop a comprehensive zoning ordinance. In February, 1973, a stopgap one-acre subdivision ordinance was enacted and on July 2, 1973 a comprehensive zoning ordinance was passed superseding the house trailer ordinance and the one-acre subdivision ordinance. Pursuant to this ordinance a minimum one-acre lot was required for conventional and mobile homes. The ordinance also permitted, among other things, two-family homes; hotels and motels; tourist homes or boarding houses; camp sites or bungalow colonies for seasonal use; agricultural uses; and golf or country clubs.

The instant action was commenced seeking a judgment declaring the various ordinances unconstitutional and ineffective to prevent plaintiffs from using their property for any use permitted prior to October 17, 1972.

After a trial, the court concluded and declared that the

ordinances are constitutional as applied to plaintiffs' property. This appeal ensued.

Plaintiffs, in urging reversal, maintain that the zoning ordinance was *ultra vires* as not in accordance with a comprehensive plan; that since they would suffer a significant economic injury if the ordinance were enforced, it is unconstitutional as applied to them; and that they had a vested right in the property as zoned prior to the enactment.

We first consider the *ultra vires* issue. While the enabling statute requires that zoning regulations be in accordance with a comprehensive plan (Town Law, § 263), it does not specifically delineate what is required. It would appear that neither a "master plan" nor even a written plan is necessary. In our view, the requirements of the enabling statute are met if implicit in the ordinance there is the element of planning which is both rational and consistent with the basic land use policies of the community (see 1 Anderson, New York Zoning Law and Practice, § 5.02). The instant record demonstrates that there was some planning prior to the adoption of the ordinance. It is significant that the town is inhabited by some 500 to 1,000 people and is rural and rustic in character. These factors, among others, were considered by the Planning Board. Consequently, there was, in our opinion, a sufficient showing of a comprehensive plan. The zoning ordinance, therefore, is not *ultra vires.*

As to the second issue raised by plaintiffs, the trial court found that plaintiffs' proof established that they would suffer significant economic injury if the ordinances were enforced. Relying on *Matter of Fulling v Palumbo* (21 NY2d 30) and *Socha v Smith* (35 AD2d 835, affd 26 NY2d 1005), plaintiffs contend that such proof alone entitles them to an adjudication that the ordinances, as applied to them, are unconstitutional since defendants failed to sustain the burden of proving that the public health, safety and welfare would be served by upholding the ordinances. We arrive at a contrary conclusion. From an examination of the more recent cases determined after *Fulling* and *Socha,* we are of the view that the language used in those two cases has a limited impact on the present case. Here the record reveals that the defendant town was concerned with preserving the rural and rustic nature of the community, and that the character of the community would be adversely affected by plaintiffs' proposed development. Such a showing shifted the burden to plaintiffs to establish

that the ordinance amounted to a taking *(Matter of Hillside Ave. Corp. v Zaino,* 27 NY2d 258; *Matter of Krueger v Zoning Board of Appeals of Town of Niskayuna,* 48 AD2d 734). This, they failed to do. While plaintiffs established that they could not utilize the property for mobile homes, they wholly failed to demonstrate that the other permitted uses were not feasible *(Williams v Town of Oyster Bay,* 32 NY2d 78). Furthermore, plaintiffs failed to meet the heavy burden required to overcome the presumption of constitutionality. Consequently, .the ordinance is not confiscatory as applied to plaintiffs' property.

We also reject plaintiffs' final contention that they had a vested right to use the property as zoned prior to the enactment of the ordinance. It is well established that, as a general rule, expenses incurred prior to the commencement of the actual construction do not create a vested interest *(Cooper v Dubow,* 41 AD2d 843). Although plaintiffs made certain expenditures for an environmental impact study for submission to the Department of Environmental Conservation and other preliminary inspections, such did not vest any rights in plaintiffs since there was no unnecessary delay, hindrance or misleading by the local officials *(Matter of Jayne Estates v Raynor,* 22 NY2d 417). Lack of actual construction, coupled with the notice plaintiffs had that a one-acre minimum for all subdivisions was under consideration, compels us to conclude that plaintiffs have failed to establish a vested interest. Considering the record in its entirety, the judgment should be affirmed.

The judgment should be affirmed, without costs.

GREENBLOTT, J. P., KANE, MAHONEY and MAIN, JJ., concur.

Judgment affirmed, without costs.