■ In the Matter of MAX FRANKEL et al., Appellants, v DONALD BOYCOTT, as Building Inspector of the Village of Haverstraw, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to extend and renew a permit for the construction of a building, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Donovan, J.), dated January 8, 1985, which dismissed the petition on the merits.

Judgment affirmed, with costs.

On February 1, 1982, a fire occurred in the subject building, which was a valid nonconforming use. Pursuant to a stipulation ending a prior CPLR article 78 proceeding, the building inspector issued a building permit with a six-month life span on August 15, 1983. When the petitioners' request for a renewal of this permit was denied, the instant CPLR article 78 proceeding ensued.

Special Term properly dismissed the petition. Village of Haverstraw Zoning Ordinance § 23-29 (E) provides in pertinent part: "If a building occupied by a nonconforming use is damaged to the extent of fifty (50%) or more of its real value, such building may be repaired, provided that substantial work is undertaken within one (1) year after such damage; otherwise such building shall thereafter be occupied only by a conforming use." Special Term properly determined that the petitioners had failed to show that any actual reconstruction was undertaken, not only in the year following the fire, but also in the 12 months that followed the granting of the August 1983 building permit. The record indicates that the only work that the petitioners performed during this period was to board up the building, clean debris, and take other, unspecified steps "to protect the building". The finding that this did not constitute "substantial work" within the meaning of the zoning ordinance was proper *(see, Cooper v Dubow,* 41

AD2d 843). Gibbons, J. P., Bracken, Weinstein and Niehoff, JJ., concur.