■ In the Matter of ANTHONY NICEFORO et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated November 20, 1986, which, after a hearing, denied the petitioners' application for area and width variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered July 16, 1987, which granted the petition, annulled the board's determination and directed it to grant the petitioners' application upon the condition that the petitioners provide a restrictive covenant, in good recordable form, prohibiting the petitioners, their heirs, successors or assigns from any further subdivision of the larger parcel owned by them or any further encroachment of the existing building into the side yard.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1971 the petitioners purchased real property located at 27 Turkey Lane in Cold Spring Harbor, New York. Prior to that time, the property had been divided into two separate lots. The lots were thereafter conveyed to the petitioners by a single deed. The entire parcel is 206 feet by 150 feet (approximately 30,900 square feet). The larger lot is improved by a one-family dwelling and a detached garage.

Prior to 1969, the property was located in an "R-5" one-family residential zone, in which the town's zoning ordinance authorized the construction of homes on lots of 5,000 square feet or more. In 1969, the district was reclassified an "R-10" residential zone, which permits homes on lots with a minimum area of 10,000 square feet and a width of 100 feet at the set-back line.

The petitioners wish to construct a one-family dwelling on the smaller vacant lot, which has a width of 60 feet and an area of 9,000 square feet. The petitioners could create two conforming parcels if they modified the existing lot lines and removed the existing garage. Instead, on or about August 27, 1986, they applied for width and area variances.

At a hearing before the Zoning Board of Appeals of the Town of Huntington (hereinafter the zoning board), the petitioners argued that the new building on the property would not affect the beauty or the density of the neighborhood since

a number of homes in the area were built on less than 10,000 square feet or have about 60-foot frontages. Their real estate expert suggested that in light of the oversized nature of the entire parcel, the property would certainly have less density than the pattern of development in the neighborhood. The zoning board denied the petitioners' application, stating that the petitioners' difficulty was self-created, and it recommended that the petitioners move the existing garage, build a new garage and move the lot lines to create two conforming lots. The petitioners commenced this proceeding to challenge the zoning board's determination.

The Supreme Court granted the petition and annulled the zoning board's determination. The court found that a denial of the application would cause the petitioners to suffer significant economic injury, since they would be required to remove the existing garage and construct a new one, and would be burdened with the financial expense of redrawing the lot lines and filing a subdivision map. The court ruled that the following additional factors justified approval of the application: (1) more than two thirds of the neighborhood does not comply with the "R-10" frontage requirement, (2) the petitioners' property contained two separate lots on a filed map prior to the inadvertent merger by deed in 1971, (3) the character of the community would be unaffected, and (4) the economic hardship that would be caused to the petitioners. The court directed the zoning board to grant the variances, upon the condition that the petitioners provide a restrictive covenant that would prohibit any further subdividing of the larger parcel or any further encroachment of the existing building into the side yard. We affirm.

The law is well settled that local zoning boards have discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board is illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309). The zoning board's determination will ordinarily be sustained if the determination has a rational basis and is supported by substantial evidence (see, Matter of Fuhst v Foley, supra, at 444).

In order to justify the grant of an area variance, the applicant bears the burden of establishing that strict compliance with the zoning ordinance will cause "practical difficulties" (Matter of Fuhst v Foley, supra, at 445). In reaching a determination of whether strict application of the zoning ordinance will serve a valid public purpose which outweighs

the injury to the property owner, the zoning board must consider (1) how substantial the variance is in relation to the requirement, (2) whether a substantial change will be produced in the character of the neighborhood, (3) whether the difficulty can be obviated by some method feasible for the applicant to pursue other than a variance, and (4) whether in view of the manner in which the difficulty arose, the interest of justice will be served by allowing the variance *(see, Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757; *Matter of Friendly Ice Cream Corp. v Barrett,* 106 AD2d 748, 749; *see also,* 2 Anderson, New York Zoning Law and Practice § 23.34, at 208-209 [3d ed]).

In this case, the petitioners established that strict compliance with the zoning law would cause "practical difficulties". Thus, it is necessary to weigh those difficulties against the valid public purpose served by the ordinance *(see, Matter of Salierno v Briggs,* 141 AD2d 547). We agree with the Supreme Court that the petitioners would suffer significant economic injury if they were required to remove the existing garage, construct a new one, redraw the lot lines and file a subdivision map. It is evident that the purpose of rezoning the district was mainly to achieve an aesthetic objective. The ordinance sought to accomplish that objective by regulating the density of the land use, thus imposing a minimum lot area on which construction was to be permitted. Undoubtedly, the new area requirements also sought to effect the spacious character of the neighborhood and to preserve the value of properties. The approximately 30,000 square feet area of the petitioners' entire property is more than sufficient to accommodate two dwellings. Further, a review of the survey indicates that the garage is positioned behind the existing residence and at the back of the property, and the spacing between the existing dwelling and the proposed structure would not adversely affect the beauty of the area. Indeed, we concur with the viewpoint of the petitioners' expert that the property will certainly appear less dense than the Grove Street pattern of development. We therefore find that strict application of the zoning regulations in this case will serve no valid public purpose outweighing the injury to the petitioners and that the Supreme Court's solution is a less burdensome remedy, which will comport with the goals of the ordinance. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.