■ In the Matter of EUNG LIM-KIM, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF IRVINGTON, Appellant.— In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington, dated October 16, 1989, which, after a hearing, denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered June 29, 1990, which granted the petition, annulled the determination, and directed the respondent to reinstate its November 10, 1987, determination which granted the variances.

Ordered that the judgment is affirmed, without costs or disbursements.

On December 29, 1986, the petitioner purchased a parcel of land in the Village of Irvington, Westchester County. The subject property was comprised of two lots which were described as the "Center Lot" and the "Broadway Lot". The total area of the combined lots was 52,274 square feet. The "Broadway Lot" measured 30,400 square feet and the "Center Lot" measured 21,874 square feet. At the time the petitioner purchased the property it was zoned "IF-20", which required a minimum of 20,000 square feet for the construction of a one-family dwelling. Also, a moratorium which effectively precluded building was in effect. However, there was an exception from this prohibition for subdivision of an existing residential area "into no more than two lots".

On June 3, 1987, the petitioner appeared before the Planning Board and applied for a building permit to subdivide his property and build a one-family dwelling on the "Center Lot". The application was denied due to the need for a variance from the Zoning Board of Appeals of the Village of Irvington (hereinafter Zoning Board). On July 20, 1987, the exception to the moratorium was abolished. On September 15, 1987, the petitioner filed an application with the Zoning Board of Appeals to create two conforming lots. The Zoning Board, finding "practical difficulties", granted the variances by determination dated November 10, 1987. It further found that "the granting of the requested relief will be in harmony with the general purpose and intent of the zoning ordinance, will not be injurious to the neighborhood, will not change the character thereof and will not be otherwise detrimental to the public welfare." The variances were granted on condition that the Planning Board approved the subdivision.

Thereafter, the moratorium ceased and the subject property

was rezoned to "IF-40", which required a minimum lot area of 40,000 square feet. The Building Inspector denied the petitioner's request for a building permit. When the petitioner applied for an extension of the previously granted variances, his request was denied in the determination dated October 16, 1989, under review. The petitioner then commenced the instant proceeding pursuant to CPLR article 78, seeking a judgment reversing the respondent's determination and directing that the previously-granted variances be reinstated. The Supreme Court granted the petition and annulled the Zoning Board's determination. We agree with the Supreme Court that the Zoning Board's denial of the area variances was arbitrary, capricious, and an abuse of discretion.

It is well established that in order to obtain area variances, a petitioner is required to establish practical difficulties *(see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591). Though no one factor is necessarily controlling, the following factors have been considered significant: (1) significant economic injury, (2) whether a substantial change will be produced in the character of the neighborhood, and (3) whether the "difficulty" alleged by the applicant was self-created *(Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702).

In this case, although the variances sought by the petitioner are fairly substantial, they are unlikely to have an adverse impact on the surrounding neighborhood *(cf., Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757). The record establishes that the new building on the proposed lot would not affect the density of the neighborhood, since a number of homes in the area were built on one-half or one-quarter acres *(see, Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483, *supra; Matter of Krueger v Zoning Bd. of Appeals,* 48 AD2d 734). Moreover, we note that the Zoning Board had found a year earlier that creating a single-family house on the "Center Lot" "will not be injurious to the neighborhood, will not change the character thereof, and will not be otherwise detrimental to the public welfare."

Nor do we agree with the Zoning Board that the petitioner's hardship is self-created. Hardship is self-created, for zoning purposes, where the applicant for a variance acquired the property subject to the restrictions from which he or she seeks relief *(see, Matter of Tharp v Zoning Bd. of Appeals,* 138 AD2d 906, 907). Here, when the petitioner purchased the property, it was zoned "IF-20". It was not until later that it was reclassi-

fied as "IF-40". Further, although there was a moratorium in effect, subdivision into two residential lots was permitted. Therefore, when the petitioner purchased the property there were no restrictions concerning subdivision of his property. Thus, the Supreme Court properly granted the relief requested in the petition.

We find the parties' remaining contentions to be without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.