Julius L. Bressler et al., Plaintiffs; Regina Kessler et al., Respondents, and Dorothy Greenman, Appellant v. Board of Higher Education of the City of New York, Respondent and Appellant.

Harry Balsam et al., Plaintiffs, v. Board of Higher Education of the City of New York, Defendant.

Argued April 20, 1948; decided July 16, 1948.

*Osmond K. Fraenkel* for plaintiff-appellant and plaintiffs-respondents. I. The judgment in favor of plaintiff Greenman should not have been reversed. (*Hoefling* v. *Board of Education,* 120 App. Div. 545; *Stetson* v. *Board of Education,* 165 App. Div. 476, 218 N. Y. 301; *Matter of Kearns* v. *Board of Education,* 279 N. Y. 61.) II. The board had no power to make so-called full time temporary appointments to positions not specified in the schedules. (*Dexter* v. *Board of Higher Education,* 293 N. Y. 39.) III. The *Kearns* case (279 N. Y. 61) is inapplicable. (*Matter of Fornara* v. *Schroeder,* 261 N. Y. 363; *Matter of Sandford* v. *Finegan,* 276 N. Y. 70; *Matter of Cook* v. *Kern,* 278 N. Y. 195; *Matter of Jampol* v. *Kern,* 280 N. Y. 659; *Matter of Rohr* v. *Kenngott,* 288 N. Y. 97; *Matter of Ricker* v. *Hempstead,* 290 N. Y. 1; *Morrall* v. *County of Monroe,* 271 N. Y. 48; *Matter of New York, L. & W. R. R. Co.,* 98 N. Y. 447; *Matter of Malloy,* 278 N. Y. 429; *Banbury* v. *Rubinstein,* 297 N. Y. 510.)

*John P. McGrath, Corporation Counsel* (*Michael A. Castaldi, Seymour B. Quel* and *Morris Weissberg* of counsel), for defendant, respondent and appellant. I. Plaintiffs Kessler and Man-

tell were appointed to positions other than that of clerical assistant and were not entitled to the salary provided for clerical assistants in the filed salary schedules. The board had the power to create new positions, appoint the plaintiffs thereto, and fix salaries therefor without regard to its filed schedules, since such new positions were not enumerated in the filed salary schedules. (*Matter of Putnam* v. *Marshall,* 286 N. Y. 485; *Matter of Lederman* v. *Tead,* 39 N. Y. S. 2d 420; *Matter of Carr* v. *Kern,* 279 N. Y. 42; *Story* v. *Craig,* 231 N. Y. 33; *Matter of Kearns* v. *Board of Education,* 279 N. Y. 61; *Stetson* v. *Board of Education,* 165 App. Div. 476; 218 N. Y. 301; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92; *People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570.) II. In any event, after the reclassification of the plaintiffs into the competitive class, effective January 1, 1940, they could lawfully receive only the salary of the positions into which they were reclassified or were promoted after competitive examination. (*Matter of Kearns* v. *Board of Education,* 279 N. Y. 61; *Matter of Becker* v. *Eisner,* 277 N. Y. 143; *People ex rel. McClelland* v. *Roberts,* 148 N. Y. 360; *Matter of Kay* v. *Board of Higher Education,* 173 Misc. 943; *Dodge* v. *Board of Education,* 302 U. S. 74; *People ex rel. Perrine* v. *Connolly,* 217 N. Y. 570; *O'Malley* v. *Board of Education,* 160 App. Div. 261; *Matter of Flanagan* v. *McGoldrick,* 272 App. Div. 1008.) III. The Appellate Division properly decided upon uncontroverted documentary evidence that the Board of Higher Education never appointed the plaintiff Greenman as a clerical assistant. Miss Greenman is not entitled to the classification and salary of a clerical assistant merely because she performed clerical work while holding appointments as tutor and fellow. (*Matter of McArdle* v. *Board of Higher Education,* 181 Misc. 766; *New York City Employees' Retirement System* v. *Eliot,* 267 N. Y. 193; *Matter of Trilling* v. *Board of Higher Education,* 190 Misc. 52; *Matter of McManus,* 64 N. Y. St. Dept. Rep. 99; *Hoefling* v. *Board of Education,* 120 App. Div. 545.)

Fuld, J. We all agree that plaintiffs Regina Kessler and Ruth Mantell were clerical assistants at the College of the City of New York and entitled to the status and pay benefits of that position, and a majority of us are of the opinion that there is no basis for differentiating the case of appellant Dorothy Greenman from that of her two colleagues.

As narrowed and simplified by the stipulation, the precise question upon which the court divides is whether Miss Greenman, who, for several years, undeniably did the work of a clerical assistant, was "employed by the defendant * * * in such capacity" as to be "entitled to the benefits of the salary schedules" relating to that position. Upon the whole record, we think that she was. It stands undisputed that Miss Greenman was hired solely to perform the clerical work of stenography, typing, stenciling and the like. From the very beginning of her employment, and throughout it, she did only that sort of work — only the tasks of a "clerical assistant". Although it is a fact that she was carried on the rolls of the Board of Higher Education as a "tutor" and later as a "fellow" — both positions on the instructional staff — she never performed any of the duties of those positions, was not considered a member of the instructional staff, and was never included in its program. In brief, except for the circumstance that, nominally, she held a different title, her situation and her employment were identical with those of respondents Kessler and Mantell.

Much, however, is made of the variance in the formal labels under which these plaintiffs performed their identical work. A decisive distinction is said to flow from the fact that Miss Greenman's designations as "tutor" and "fellow" were official titles, enumerated in the board's 1927 schedules, while the titles given to Kessler and Mantell — such as "temporary clerical assistant" and "assistant" — were not similarly enumerated and recognized. It is argued that, since Miss Greenman at all times worked in a position covered by an official title, she cannot claim the salary of a "clerical assistant", a differently officially recognized and formally entitled position.

Heavy reliance for this conclusion is placed upon our decision in *Matter of Kearns* v. *Board of Education* (279 N. Y. 61). We do not regard *Matter of Kearns* as controlling. That case simply holds that no appointment may be made to a position in the *competitive* civil service unless it be from lists of eligible persons promulgated as a result of competitive examinations. The good sense of that rule is palpable: when the civil service authorities have found that competitive examinations are necessary and feasible methods of testing qualifications for vacancies, and, as a result of such examinations, have prepared lists of eligible persons, it would nullify their efforts

and frustrate their plans if appointments or promotions could be made in disregard of examination results and eligibility lists. To grant a title in the competitive service to a person who had not taken a competitive examination merely for the reason that he had performed the work of the particular position would sanction evasion of the Civil Service Law. (See, e.g., *Matter of Kearns* v. *Board of Education, supra*; *Wood* v. *City of New York,* 274 N. Y. 155.) That such considerations underlay decision in the *Kearns* case is clear. As the court there pointedly observed, the civil service statutes " provided that appointments in the competitive class are to be made from among those graded highest in open competitive examinations, and that the appointment shall be from the first three persons on the appropriate eligible list " (p. 66). To make *de facto* appointments or promotions in the competitive classes without regard to examination grades or eligible lists would obviously flout and circumvent these statutes.

Quite different are the considerations here. " Clerical assistants " were, until 1940, in the " unclassified service " and wholly outside the competitive class of positions. At the time of plaintiffs' appointments, there was no examination of any kind as a prerequisite to appointment, promotion or assignment in the unclassified service. Appointing officers were free to pass upon the qualifications and fitness of applicants without formal examination, having in mind only the ability of the applicant to meet the requirements of the position to be filled. (See *Matter of Carow* v. *Board of Education,* 272 N. Y. 341, 344.) There is no doubt that, at the time of the appointment, Miss Greenman was qualified for the position of clerical assistant, that she was hired to do the work of that position, and that she performed it, and capably, for the entire period involved.

Both the Board of Higher Education and Miss Greenman's superiors openly recognized that they regarded her status as that of clerical assistant. For example, in May, 1939, as the expiration date of her nominal appointment as " fellow " neared, the Acting President of the College transmitted a letter to department heads summarizing the action taken by the board on promotions and salaries, and in that communication he indicated that budgetary provision had been authorized for a " promotion " and " change in title " for Miss Greenman

" from Fellow to Clerical Assistant ". Some weeks later, her superior wrote that " Inasmuch as the duties of Miss Greenman are those of a clerical assistant in the Department and as the Board of Higher Education has taken action to give tenure to the non-instructional staff and to require new appointments to come through the Municipal Civil Service, it seems to be no more than just that she be placed in the category of the non-instructional staff at this time." Here was clear acknowledgment that, whatever her nominal title, Miss Greenman's actual position and duties were those of a clerical assistant. Failure of the board to correct her status cannot bar her from seeking and gaining redress in the courts. Moreover, when, in January, 1940, the Municipal Civil Service Commission reclassified the position of " clerical assistant " and made it competitive, no distinction was made between Miss Greenman and the other plaintiffs originally designated clerical assistants. They were all covered into the competitive classification in accordance with law. (See, e.g., *Matter of Rohr* v. *Kenngott,* 288 N. Y. 97, 102–103; *Matter of Cook* v. *Kern,* 278 N. Y. 195; *Matter of Fornara* v. *Schroeder,* 261 N. Y. 363.)

Since no competitive examinations were evaded, since no eligible lists and priorities were by-passed by Miss Greenman's employment as a clerical assistant, and since she clearly satisfied the qualifications required for that position, we hold that she was validly employed in that capacity and was entitled to the benefits of salary schedules which went with it. She performed the same tasks as Kessler and Mantell, who were appointed under non-official titles; no more than they, should she be penalized and deprived of the benefits of the position — which she unquestionably filled — because of a misnomer.

The judgment of the Appellate Division should be modified in accordance with the opinion herein, and as so modified affirmed, with costs to appellant Dorothy Greenman in this court and in the Appellate Division, and, with costs in this court to respondents Kessler and Mantell.

LOUGHRAN, Ch. J., LEWIS and DESMOND, JJ., concur with FULD, J.; CONWAY, THACHER and DYE, JJ., dissent.

Judgment accordingly.