Callahan, J.
In our opinion it was within the discretion of the comptroller to consider whether maintenance men employed in buildings occupied by transportation companies ran greater risks of injury than those in the petitioners’ employment and to determine that the work was not comparable. We likewise think that it was within his discretionary power to take into consideration . whether employment as maintenance men in private residential buildings was comparable to the employment of the petitioners.
We disagree with the dissenting opinion concerning the necessity for the comptroller to consider the compensation paid workmen in the skilled trades such as carpenters, plumbers, steamfitters, electricians, etc., in determining the prevailing rate of wages for the petitioners as maintenance men. The statute (Labor Law, § 220) requires the payment of the prevailing rate of wages in the locality for those in the same trade. The fact that some of the petitioners allegedly render a large part of their services in doing plumbing, steamfitting, carpentry, electrical work, etc., does not make them plumbers, steamfitters, carpenters or electricians, nor entitle them to receive the greatly increased pay of such mechanics. If the rule proposed by the dissent is to prevail, then those who qualify for appointment in the civil service merely as maintenance men possessing only a cursory knowledge of these various skills often employed in the maintenance of buildings can command the higher pay of the trained mechanics in such trades without passing the civil service examinations for plumber, etc.
It might well be that a maintenance man would have sufficient skill to do one or more of the simpler tasks of a plumber such as replacing a faucet washer, adjusting a toilet valve, or cleaning a drain stoppage, but might not be qualified to do many other things concerning which the plumber would be required to demonstrate special ability in order to pass a civil service examination in that trade. The right to a plumber’s pay should be dependent upon the possession of the broader skill. The same reasoning would apply to the other skilled trades.
*347 The cases of Bressler v. Board of Higher Education of City of N. Y. (298 N. Y. 112) and Matter of Byrnes v. Windels (265 N. Y. 403) cited in the dissent did not involve a claim for prevailing rate of wages. In onr opinion it would amount to an evasion of the civil service laws and section 220 of the Labor Law to permit the petitioners to obtain the benefit of the higher wages paid in the skilled trades (see Matter of Kerns v. Board of Education, 279 N. Y. 61; Labor Law, § 220).
The determination of the comptroller should be confirmed, with one bill of $50 costs and disbursements to the respondent.