Frank H. Coyne, J.
In this article 78 proceeding, the petitioner, Morton Turner, applies for an order in the nature of mandamus, directing the building official of the City of New Rochelle to issue a building permit for the construction of a single-family dwelling on petitioner’s property.
The undisputed facts show that petitioner heretofore applied for, and received, a building permit for the erection of five houses on five lots owned by him and fronting on Wilmot Road in said city. The lots and improvements thereon are designated on the plot plan attached to the petition as being owned by Conte, Korin, Basile, Wilmot Farms, Inc. and Antoline. The said plot plan indicates a strip of land 30 feet in width by approximately 150 feet in length, located between the property of Korin and Basile. The said strip extends in a southeasterly direction from Wilmot Road, to and into the interior lot as originally constituted.
On January 16, 1958, one Minnie Schwartzberg, applied for, and received, a building permit for the construction of a one-family dwelling on the above-mentioned interior lot, designated as Block 3355, Lot 34. Thereafter, on February 13, 1958, the petitioner in the present proceeding applied for a building permit for the construction of a dwelling on a lot designated Lot 33 on the plot plan attached to the petition. It then appeared for the first time that Lot 34, as originally constituted and owned by Minnie Schwartzberg, had been subdivided into three separate lots, title to one lot designated 34 remained in Minnie Schwartzberg, title to lot designated 40 appeared in one David Turner, and title to the remaining lot of the original parcel, designated as Lot 33, appeared in the name of the petitioner. Under these circumstances, the building official revoked the building permit previously issued to Minnie Schwartzberg, and refused to issue a permit to petitioner for construction on the lot now designated 33.
Respondent refused to issue the building permit to petitioner upon the ground that the strip in question is not a street or highway giving access to the structure proposed to be erected; and is not suitably improved to the satisfaction of the planning board in accordance with standards and specifications approved by the appropriate city departments as adequate *1028 in respect to the public health, safety and general welfare for the special circumstances of the particular street or highway, as required by section 36 of the General City Law.
Petitioner asserts that the proposed structure has access to Wilmot Road, and that Wilmot Road is the street or highway contemplated by the statute. Petitioner characterizes the strip, which abuts all three interior lots at their southeasterly terminus, as a driveway to be used in common by the owners of the interior lots. The said strip is alleged to be owned by the interior lots owners as tenants in common.
In a ease involving a corresponding provision of the Town Law (§ 280-a), the statute was construed as requiring physical access to the particular structure. (Matter of Annandale, Inc. v. Brienza, 1 A D 2d 785.) The Appellate Division in that proceeding remitted the matter to the Special Term to take proof in respect to the physical access from the county highway to the proposed structure. In that proceeding, the proposed structure was to be erected about 400 feet from the highway. Here, the proposed structure is to be erected approximately 150 feet from Wilmot Road. In the opinion of this court, the diversity of ownership in the respective proceedings is not controlling. As indicated in the Annandale opinion, the purpose of the statute is to insure and provide reasonable means of coping with fires and other emergencies. The statute does not require any particular form of physical access, merely any reasonable means. At this stage, the court will not attempt to determine whether the subdivision of the interior lots was made with a design to circumvent the statute requiring the establishment of a street or highway, suitably improved, for entry on the official map.
On the record submitted, petitioner has not shown a clear legal right to an order in the nature of mandamus. Even assuming that the so-called common driveway is a recognized form of physical access to petitioner’s proposed structure, no adequate proof has been submitted to establish that the common driveway actually leads to and provides physical access to the proposed structure. Clearly, the plot plan attached to the petition is insufficient for this purpose. Accordingly, the matter is set down for a hearing to be held at Special Term, Part II on April 28, 1958, or as soon thereafter as the Justice presiding may direct. At the hearing, petitioner will be obliged to present proof showing actual physical access from Wilmot Road to the proposed structure giving due regard to the public health, safety and general welfare.
Settle order on notice.