■ In the Matter of CORTODD HOMES, INC., Appellant, v. STEVEN MISIAKIEWICZ, as Superintendent of Buildings of the City of Glen Cove, et al., Respondents.— In an article 78 proceeding, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated February 27, 1970, which dismissed its petition to compel the respondent Superintendent of Buildings and respondent Building Inspector of the City of Glen Cove to reinstate a building permit. Judgment affirmed, with $20 costs and disbursements. Petitioner obtained title to a certain parcel of land in the City of Glen Cove, and together therewith its grantor assigned the rights to a building permit allowing construction of a two-family home on the parcel. After construction had started, the respondents revoked the building permit for failure to show proper access to an improved street which appears on the city map as required by section 36 of the General City Law and to show 30 feet of street frontage as required by article VIII section 24 of the Building Zone Ordinance of the City of Glen Cove. The property in question has a 75-foot frontage to the north on an undedicated private road called Perkins Court. The respondents have alleged, and petitioner has not denied, that the portion of the lot which abuts the undedicated portion of Perkins Court is overgrown with trees and other vege-

table matter. To the east, the lot has a 25.03-foot frontage on a portion of Perkins Court which is improved and dedicated to the public. When read together, the applicable provisions of the zoning ordinance and section 36 of the General City Law require 30 feet of access to an improved and mapped street. The property clearly does not meet these requirements. There is no proof that the undedicated portion of Perkins Court appears on the city map or that it is improved in accordance with the provisions of section 36 of the General City Law. Furthermore, the statute requires physical access from the street to the proposed structure (*Matter of Turner* v. *Calgi,* 12 Misc 2d 1026, same case, 13 Misc 2d 1012). Since the northern frontage on undedicated Perkins Court is overgrown it cannot be combined with the eastern 25.03 feet of frontage on public Perkins Court to satisfy the 30-foot requirement. (We note here that we have held a 50-foot frontage requirement not to be unreasonable, *Matter of Weinstein* v. *Planning Bd. of Vil. of Great Neck,* 28 A D 2d 862, affd. 21 N Y 2d 1001.) It was improper to grant a building permit to build on less than 30 feet of access giving frontage. Since the permit was invalid, petitioner obtained no vested rights by making expenditures in reliance thereon, but such expenditures made in good faith may properly be considered on the question of the granting of a variance (*Matter of Jayne Estates* v. *Raynor,* 22 N Y 2d 417, 422–423). Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.