■ In the Matter of CHARLOTTE BLOOMBERG-DUBIN et al., Respondents-Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants-Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education and Board of Examiners of the City of New York to grant licenses to those petitioners holding certificates of continuing eligibility to teach classes of emotionally handicapped children, the said boards and the chancellor (hereafter respondents) appeal from so much of a judgment of the Supreme Court, Kings County (Leone, J.), dated July 15, 1980, as (1) determined that petitioners who hold permanent certificates of continuing eligibility shall be deemed fully licensed and appointed to a position in that license area, and (2) directed that petitioners who hold conditional certificates be given the opportunity to complete the requirements to convert such certificates to permanent certificates, after which they shall be deemed fully licensed and be appointed. Petitioners cross-appeal from so much of the judgment as denied relief, *nunc pro tunc,* to certain petitioners and appeal from so much of an order of the same court, dated August 12, 1980, as, upon reargument, adhered to the original determination. (Said order is also brought up for review upon the appeal by the boards and chancellor.) Cross appeals from the judgment dismissed, without costs or disbursements. The judgment was superseded by the order granting reargument. Upon the appeal by respondents, order reversed insofar as reviewed, on the law, without costs or disbursements,

judgment vacated, and proceeding dismissed in its entirety on the merits. Appeal by petitioners from the order dismissed, without costs or disbursements, in light of the aforesaid determination. It is alleged that pursuant to various directives issued by the New York City Board of Education, petitioners, teachers licensed in various subject areas, obtained appointments as teachers of classes for emotionally handicapped children. Conditional certificates of continued eligibility were issued to petitioners and upon completion of prerequisites established by the board of education such certificates would become permanent. The certificate of continued eligibility (CCE), as represented by the board of education, was equivalent to a license in the area. Consequently, when respondents determined that licenses would be issued only upon successful completion of a competitive examination, and that petitioners would be required to participate in the examination, the instant proceeding was commenced. Subsequent to the commencement of this proceeding and after rendition by Special Term of its decision, but before the date of the judgment appealed from, section 2569-e of the Education Law was enacted, effective June 30, 1980. By its provisions a teacher holding a CCE is required to pass a special examination for a license within five years, and upon passing the examination, is given preference for permanent appointment as against appointments from any other qualified list of eligibles. It is axiomatic that these provisions control, unless the petitioners have acquired a vested right to the license (see *Matter of De Cordova v Bennett,* 32 AD2d 959). Petitioners asserted at Special Term and assert on appeal that pursuant to the directives of the board of education they are validly licensed as teachers of the emotionally handicapped. Alternatively, it is argued that in view of petitioners' reliance upon the board of education directives, respondents should be estopped from denying the validity of the CCE's as licenses. Respondents, however, contend that pursuant to sections 2569 and 2590-j of the Education Law, and section 6 of article V of the New York State Constitution, appointments and licensing of teachers must be made by competitive examination, and that, notwithstanding any representation of the respondent board of education to the contrary, the mandate of the statutes and Constitution must be upheld; hence, petitioners cannot be validly licensed absent competitive examination. Moreover, respondents argue that as petitioners' licenses had not vested, section 2569-e of the Education Law, which mandates that holders of CCE's successfully complete a competitive examination as a prerequisite to licensure, although enacted subsequent to the decision at Special Term, controls on appeal. Finally, respondents submit that the doctrine of estoppel, generally inapplicable against governmental bodies, may not be asserted in the case at bar. We first address the question of whether petitioners' right to licensure had vested. Pursuant to section 6 of article V of the New York State Constitution, all appointments and promotions within the civil service of the State and all divisions thereof "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive". Section 2569 (subd 1, par a) and section 2590-j (subd 3, par [a], cl [1]; par [b], cl [1]) of the Education Law, which place teaching positions in the open competitive category and require the respondent board of examiners to prepare and administer objective examinations and eligibility lists for licensing and appointment of teachers, reflect the legislative determination that in the field of education, appointment of teachers by competitive examination is practicable. Respondents were at best entitled to make temporary appointments pending the promulgation of eligibility lists compiled from the results of the appropriate examination (see *Matter of Council of Supervisory Assns. of Public Schools of N. Y. City v Board of Educ.,* 23 NY2d 458) and notwithstanding representations of the board of education to the contrary,

absent competitive examination, licenses could not be validly issued (see *Bressler v Board of Higher Educ.*, 298 NY 112, 116-117; *Matter of Board of Educ. v Nyquist*, 31 NY2d 468, 472-473). *Amico v Erie County Legislature* (36 AD2d 415), cited by Special Term, is distinguishable, for in that case the employees had been validly appointed to noncompetitive positions prior to reclassification. In the case at bar, the initial appointment, as already noted, must be deemed temporary and could not confer a right of permanent appointment. Nor may petitioners estop respondents from requiring that competitive examinations be held. The doctrine of estoppel is generally inapplicable to the State acting in a governmental capacity. It has recently been termed "unthinkable" to estop a government agency "acting on behalf of the State and the citizenry *** through mistake or otherwise *** from discharging the responsibility vested in it by legislative enactment" *(Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 93-94). Therefore, respondents, despite the improper representation of authority to the contrary, may not be prevented through estoppel from holding competitive examinations for all candidates for licensure for the teaching of classes for emotionally handicapped children; this is particularly true here where the Legislature has specifically directed that examinations be held on terms favorable to those in the position of petitioners and reflecting solicitude for their status. Inasmuch as petitioners had no vested right to licenses in this area and respondents are not estopped, we conclude that the provisions of section 2569-e of the Education Law must be followed before petitioners may be granted the licenses sought. Hopkins, J. P., Titone, Rabin and Margett, JJ., concur.