■ In the Matter of LOUISE BECK et al., Appellants, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the Board of Education and the Board of Examiners of the City of New York, *inter alia,* to grant petitioners permanent licenses and tenure as teachers of reading without their having to take and pass a competitive examination in the area of teacher of reading, petitioners appeal from a judgment of the Supreme Court, Kings County (Cooper, J.), entered April 24, 1981, dismissing the petition. Judgment affirmed, without costs or disbursements (see *Matter of Bloomberg-Dubin v Board of Educ.,* 82 AD2d 854, affd 56 NY2d 555). Damiani, J. P., Lazer, Mangano and Gulotta, JJ., concur.

■ In the Matter of BOEGGEMAN, GEORGE & JANNACE, P.C., Appellants, v JOSEPH R. D'ARRIGO, Respondent. ROBERT J. CARMOSINO, Plaintiff, v PLACIDO BOMBARA et al., Defendants. — In a negligence action to recover damages for personal injuries, petitioners appeal from so much of an order of the Supreme Court, Westchester County (Dickinson, J.), dated July 13, 1981, as, upon their motion to fix and enforce an attorney's lien in connection with the settlement of the underlying action, ordered that petitioners pay a stated forwarding fee to respondent. Order reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing to determine the services performed and responsibility assumed by each of the attorneys (see Code of Professional Responsibility, DR 2-107). By order dated January 20, 1981, Trial Term directed that a hearing be held relating to the dispute between the forwarding and the trial attorneys. The ensuing holding of a conference and the direction for submission of affirmations of services did not constitute such hearing. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.