■ In the Matter of HELEN ALBERT et al., Respondents, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York approving the revocation of

petitioners' building permit, the appeal is from a judgment of the Supreme Court, Richmond County (Sacks, J.), dated December 8, 1981, which annulled the determination and directed the reinstatement of the building permit. Judgment reversed, on the law, without costs or disbursements, determination confirmed, and proceeding dismissed on the merits, without prejudice to an application for a zoning variance. Petitioners, the owners of an irregular wedge-shaped lot covering some 36,000 square feet in Staten Island, applied to the department of buildings for permission to build a 2,500-square-foot enlargement to an existing 500-foot one-story barn on the property and convert the entire structure into a house. The proposed new building lot, with only 45 feet of street frontage, fans out to a rear width of 88 feet. It is part of a through lot which contains petitioners' current residence at the opposite end. Petitioners' proposal would sever from the through lot the property which is the subject of this application. At the narrow or street frontage end of the property at issue, the barn structure, which has a depth of about 22 feet, also has a front yard of 1 foot and side yards of about 8 and 10 feet. The proposed addition would increase the depth of the barn structure by almost 61 feet. Although the structure complied with zoning regulations in effect when it was originally built, it is now a noncomplying building (see Zoning Resolution of City of New York, § 54-01) because its side yards do not meet the present requirements of a minimum combined side yard width of 35 feet together with a minimum width of 15 feet for "any side yard" (see Zoning Resolution, § 23-461). The zoning resolution permits the continued use of a noncomplying building and allows an enlargement of such a building unless the enlargement "would either create a new *non-compliance* or increase the degree of *non-compliance* of a *building*" (Zoning Resolution, §§ 54-11, 54-31). Although a building permit for the enlargement of the building was issued on June 24, 1981 by the department of buildings, it was subsequently revoked on July 24, 1981, with the following listed as one of the reasons for revocation: "The proposed enlargement of an existing non-complying building which does not provide the minimum side yards set forth in Section 23-461 of the Zoning Resolution increases the degree of non-compliance contrary to Section 54-31 of the Zoning Resolution." The board of standards and appeals affirmed the revocation, but Special Term annulled the board's determination and directed the reinstatement of the permit. The board has appealed. It is the petitioners' contention that the side yards created by extending the depth of the barn building would not be smaller than the present side yards and therefore the degree of noncompliance would not be increased. The board disagrees and, using a different method of measurement, concludes that the minimum side yards for the enlargement would be smaller than the minimum side yards of the existing structure. The board also maintains that there will be an increase in the degree of noncompliance because the new building will be longer and larger and will fail to comply with the minimum side yard requirements for approximately two thirds of its length. The board argues that under petitioners' rationale a tiny building with a one-foot noncomplying side yard could be increased in depth to cover an entire lot provided the one-foot side yard was maintained throughout. The board adopted the interpretation of the Staten Island Superintendent of the Department of Buildings, who testified that the magnitude of an enlargement, including its length and area, are the relevant criteria. While it is customary for a zoning ordinance to be strictly construed in favor of the property owner (see *Matter of Allen v Adami*, 39 NY2d 275, 277; *Thomson Ind. v Incorporated Vil. of Port Washington, North,* 27 NY2d 537, 539), there are countervailing considerations when the ordinance limits the extension of nonconforming uses, because such uses detract from the effectiveness of the comprehensive zoning

plan (see, generally, 4 Rathkopf, Law of Zoning and Planning, ch 59, § 1; Ann., 10 ALR4th 1122, 1126). Although there is a right to continue a pre-existing nonconforming use, there is no similar right to extend or enlarge such a use, apart from the rights granted in the zoning ordinance (see *Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160; *Matter of Harbison v City of Buffalo,* 4 NY2d 553; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39). Thus, the judiciary does not hesitate to give effect to restrictions on nonconforming uses due to the strong policy favoring the eventual elimination of these uses (see *Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278; *Matter of Off Shore Rest. Corp. v Linden, supra,* p 164; 4 Rathkopf, Law of Zoning and Planning, ch 59, § 1). Since the board is the agency responsible for the administration of the zoning resolution, its interpretation of the phrase "increase the degree of non-compliance" must be upheld as it is neither irrational nor unreasonable (see *Matter of John P. v Whalen,* 54 NY2d 89, 95; *Matter of New York Life Ins. Co. v Galvin,* 35 NY2d 52, 58; *Matter of Howard v Wyman,* 28 NY2d 434, 438). Petitioners also maintain, however, that the board should be estopped from revoking the building permit since a foundation and sanitary system were constructed in reliance on the permit. The permit was issued on the basis of petitioners' erroneous indication that the enlargement qualified for the narrow lot exemption, when in fact this exemption did not apply and has not been asserted by the petitioners as a ground for reinstatement of the permit (see Zoning Resolution, §§ 23-48, 23-221). Under these circumstances, there is no occasion to depart from the general rule that estoppel is unavailable against a public agency (see *Public Improvements v Board of Educ.,* 56 NY2d 850; *Matter of Rosbar Co. v Board of Appeals of City of Long Beach,* 53 NY2d 623; *Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88; *Matter of Bloomberg-Dubin v Board of Educ.,* 82 AD2d 854, affd 56 NY2d 555; cf. *Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y.,* 45 NY2d 560; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). Furthermore, the petitioners did not acquire any vested rights to complete the proposed enlargement since there is no right to rely upon an invalid building permit (see *Matter of Jayne Estates v Raynor,* 22 NY2d 417; *Matter of B & G Constr. Corp. v Board of Appeals of Vil. of Amityville,* 309 NY 730; *Marcus v Village of Mamaroneck,* 283 NY 325). Our reversal is without prejudice to an application for a variance. Reliance upon the invalid permit, as demonstrated by the expenditures prior to revocation, can be considered on the application (see *Matter of Jayne Estates v Raynor, supra; Matter of Automotive Clutch Rebuilders v City of Long Beach,* 59 AD2d 941; *Reichenbach v Windward at Southampton,* 80 Misc 2d 1031, affd 48 AD2d 909, mot for lv to app dsmd 38 NY2d 912; *Matter of Cortodd Homes v Misiakiewicz,* 45 AD2d 1008). Those expenditures, together with the unique characteristics of the parcel (its wedge shape), might well militate in favor of a variance (see *Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309). Damiani, J.P., Lazer, Mangano and Brown, JJ., concur.