■ In the Matter of HELEN ALBERT, Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Appellant, and BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondent. — In a CPLR article 78 proceeding to review a determination of the Board of Estimate of the City of New York revoking the grant of an area variance to petitioner by the Board of Standards and Appeals of the City of New York, the appeal is from a judgment of the Supreme Court, Richmond County (Hurowitz, J.), dated June 1, 1983, which granted the petition, annulled the determination and reinstated the variance granted by the Board of Standards and Appeals. ¶ Judgment affirmed, with costs. ¶ This proceeding involves an application by petitioner, Helen Albert, for an area variance to allow the construction of an extension of an existing

noncomplying structure on her property in the Todt Hill section of Richmond County. On June 24, 1981, a building permit was issued by the Department of Buildings. In reliance on said permit, a foundation and sanitary system were installed and other work was performed at an approximate cost of $57,671. After this substantial expenditure, the permit was revoked by the Department of Buildings on July 24, 1981. The Board of Standards and Appeals (hereinafter BSA) approved the revocation of the permit but the Supreme Court, Richmond County (Sacks, J.), annulled the Board's determination and directed that the permit be reinstated. On appeal, we reversed the judgment, confirmed the BSA's determination and dismissed the proceeding on the merits, without prejudice to an application for a variance (*Matter of Albert v Board of Stds. & Appeals*, 89 AD2d 960). ¶ Thereafter, petitioner applied, *inter alia*, for a variance of the side-yard requirements of section 23-461 of the Zoning Resolution of the City of New York. The BSA unanimously adopted a resolution granting the area variance; however it imposed several conditions including a direction that a copy of the deed restriction prohibiting any future subdivision of petitioner's lot be filed prior to the issuance of a certificate of occupancy. Upon appeal to the New York City Board of Estimate, the BSA determination granting the variance was disapproved, and the instant CPLR article 78 proceeding was thereafter commenced to review the Board of Estimate's determination. Special Term granted the petition and reinstated the BSA decision granting the variance, finding that the decision of the BSA was based upon substantial evidence in the record. We affirm. ¶ The Board of Estimate's power of review pursuant to subdivision c of section 668 of the New York City Charter is narrowly limited to a consideration of whether there was substantial evidence before the BSA to support its determination (see, e.g., *Victory Blvd. Assoc. v City of New York*, 58 NY2d 900; *Matter of Galin v Board of Estimate*, 72 AD2d 114, affd 52 NY2d 869; *Matter of Highpoint Enterprises v Board of Estimate*, 67 AD2d 914, affd 47 NY2d 935 for reasons stated in mem at App Div). In reinstating the BSA's grant of a variance, Special Term found that there was substantial evidence to support each of the five findings prescribed under section 72-21 of the New York City Zoning Resolution and that the Board of Estimate in overturning the BSA determination was substituting its own judgment for that of the BSA. We agree. ¶ Review of the record demonstrates that petitioner has established the five requirements, i.e., a unique physical condition inherent in the lot that would create practical difficulty in complying with the zoning provisions; no reasonable rate of return absent the variance; no resulting alteration in the essential character of the neighborhood; the hardship was not self-created; and the variance was the minimum necessary to afford relief. ¶ The evidence adduced with respect to several of the criteria is worthy of particular mention. As noted in our earlier decision, the peculiar wedge shape of the subject lot constitutes a unique physical condition militating in favor of the grant of a variance. The extension of the existing structure along the shape of the lot and in compliance with the side-yard requirements would produce a wedge-shaped structure which would not be marketable in the area. Although a map of the surrounding lots indicates that there is one other irregularly shaped through lot, this condition is not generally applicable throughout the district (see *Matter of Douglaston Civic Assn. v Klein*, 51 NY2d 963, 965). Therefore, the BSA's finding of uniqueness is sufficiently substantiated. ¶ We further observe that because of the unique physical condition of petitioner's property and also because of the expenditures incurred in reliance upon the invalid permit, there is no reasonable possibility that development of the property in conformity with the zoning law will bring a reasonable return. Petitioner has submitted proof that the expenses incurred for the physical work performed at the site prior to revoca-

tion of the permit totaled approximately $57,671. The cost to relocate the foundation was estimated at $68,359. The cost of building a complying marketable structure would substantially exceed the original contract price of $189,000. This greatly inflated price demonstrates that the finding of no reasonable return was supported by substantial evidence. ¶ In conclusion, examination of the record in its entirety reveals that the Board of Estimate substituted its judgment for that of the administrative agency, something that it is not empowered to do. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.